## SUSAN C. RAY

### *v.*

## SUSAN KEITH *et al.*

*Opinion filed October 24, 1905—Rehearing denied Dec. 12, 1905.*

1. APPEALS AND ERRORS—*when freehold is involved on interplea in attachment.* Where an attachment writ is levied upon real estate as "belonging" to an attachment defendant, an interplea averring that the property attached "was, at the time the same was so attached and levied upon, and still is," the property of the interpleader and not that of the attachment defendant, puts a freehold in issue.

2. ATTACHMENT—*right of creditor attaching without notice of a prior deed.* A creditor who levies his attachment upon land without notice, either actual or constructive, of a prior unrecorded deed, acquires a lien which, if perfected by judgment, execution, sale and deed, will hold the legal estate as against the holder under the unrecorded deed.

3. SAME—*replication averring a levy without notice of a deed need not set up facts showing a legal levy.* A replication to an interplea in attachment, averring a levy of the attachment upon the property standing in the name of the attachment defendant and without notice of the interpleader's alleged ownership of the property under a prior deed, need not, on general demurrer, set up particular facts showing the levy was legal.

4. SAME—*when court may enter judgment on interpleader without empaneling jury.* While section 29 of the Attachment act requires the court, upon the filing of an interplea in attachment, to empanel a jury to try the right of property, yet if the issue under the pleadings presents only a question of law the court may enter judgment without calling a jury.

5. APPEALS AND ERRORS—*when entering judgment without disposing of issue is not reversible error.* Entering judgment upon demurrer to an amended replication to an interplea in attachment, without disposing of the issue raised by demurrer to the first replication, is not reversible error, where the first replication denied the interpleader's ownership, while the second, in effect, admitted such ownership but averred a want of notice thereof when the attachment was levied.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. JESSE HOLDOM, Judge, presiding.

On October 11, 1898, Susan Keith, Edson Keith, Jr., and Walter W. Keith, as executors of the last will and testament of Edson Keith, deceased, began an action of debt against Moses A. Thayer in the superior court of Cook county, and on December 19 following, filed their affidavit for an attachment in aid of said suit, upon which a writ of attachment was duly issued and levied upon certain real estate in Cook county as the property of the said defendant, Thayer. On December 30, 1899, Susan C. Ray filed an interpleader in said attachment proceeding, by which she alleged that the realty levied upon by virtue of said writ of attachment was, at the time the same "was so attached and levied, and still is, the property of her, the said Susan C. Ray, and not of the said Moses A. Thayer." On January 3 following, a rule was entered upon the plaintiffs in the attach-

ment suit to plead to said interplea within three days, and leave was at the same time given them to reply double within said time. On January 5 they accordingly filed a general replication traversing the allegations of said interplea, alleging "that said realty attached and levied upon by virtue of said writ of attachment was not at the time the same was so attached and levied upon, and is not now, the property of her, the said Susan C. Ray, in manner and form as the interpleader has above in her said interplea alleged, and this the plaintiffs pray may be inquired of by the country," etc. On January 30 they filed an additional replication, by which they averred "that at the time the said realty was attached and levied upon by virtue of the said writ of attachment, the title to said real estate stood of record in the said county, in fee simple, in the name of said defendant, Moses A. Thayer, and that prior to and at the time of the levy of said attachment plaintiffs had no notice of the alleged ownership of said property by said interpleader." To this additional replication Susan C. Ray filed a general demurrer on February 5, which, so far as the abstract of the record shows, was not disposed of, but on the 10th of the same month plaintiffs filed an amended additional replication, in and by which they alleged that they ought not to be barred from maintaining their writ of attachment against said property, "because they say that at the time the said realty was attached and levied upon by virtue of said writ of attachment the title to said real estate stood of record in said Cook county, in fee simple, in the name of said defendant, Moses A. Thayer; that at the time aforesaid said defendant was indebted to plaintiffs in a large sum of money, to-wit, $7000, and that prior to and at the time of the levy of said attachment, plaintiffs, or any or either of them, had no notice of the alleged ownership of said property by said interpleader." On February 13, Susan C. Ray, the interpleader, filed a general demurrer to the said amended additional replication, and on May 14 the following order and judgment were entered: "This cause coming

on to be heard upon the demurrer filed herein by the inter-
pleader, Susan C. Ray, to plaintiffs' amended additional rep-
lication, filed February 10, 1900, after argument of counsel
and due deliberation by the court said demurrer is overruled
and the interpleader excepts, whereupon said interpleader,
Susan C. Ray, elects to stand by said demurrer, wherefore
the plaintiffs ought to have judgment on their said additional
amended replication. Therefore it is considered by the court
that at the time of the issuing and levying of said writ of
attachment the said realty so attached and levied upon was
not, as against said plaintiffs, the property of the said inter-
pleader, whereupon the interpleader, Susan C. Ray, having
entered her exceptions herein, prays an appeal from the
above order to the Appellate Court in and for the First Dis-
trict of Illinois, which is allowed on filing her appeal bond in
the sum of $200, to be approved by the court within thirty
days from this date." On June 28, 1900, the order granting
said appeal was vacated, and subsequently this writ of error
was sued out.

The assignments of error are, first, the superior court
erred in entering the order of May 14, 1900, overruling the
demurrer filed February 13, 1900, by Susan C. Ray, plaintiff
in error, to the amended additional replication of plaintiffs
filed February 10, 1900, and in entering judgment for plain-
tiffs on their said additional amended replication, because the
said replication failed to allege or show the recording of a
certificate of levy; second, the superior court erred in enter-
ing judgment while a material issue remained undisposed
of; third, the judgment as entered did not determine the
right of property, was not authorized by law, and was illegal
and void.

BOLEN & STEWART, for plaintiff in error.

BAYLEY & WEBSTER, (TENNEY, COFFEEN, HARDING &
WILKERSON, of counsel,) for defendants in error.

Mr. JUSTICE WILKIN delivered the opinion of the court:

It is insisted on behalf of defendants in error that this court is without jurisdiction for the reason that no freehold is involved, the contention being, that because the interplea does not set up by what title the interpleader claimed to be the owner of the property, she may have a mere possessory right which would not amount to a freehold. The attachment writ was levied upon the property as belonging to the defendant in the attachment,—*i. e.,* as the absolute owner thereof. The interpleader claims to be the owner of the same property. By her averment that the property "was, at the time the same was so attached and levied upon, and still is, the property of her, the said Susan C. Ray, and not of the said Moses A. Thayer," she claims the title levied upon,—that is, the fee simple title,—and a freehold was thereby put in issue. *Monroe* v. *VanMeter,* 100 Ill. 347; *Frank* v. *King,* 121 id. 250; *Ducker* v. *Wear & Boogher Dry Goods Co.* 145 id. 653; *Alsdurf* v. *Williams,* 196 id. 244.

We are inclined to think the first error assigned by plaintiff in error should be overruled. As will be seen, the only ground for that assignment of error is, "because said replication failed to allege or show the recording of a certificate of levy." The demurrer to the replication was general. We have uniformly held that an attaching creditor who levies his attachment without notice of a prior deed, either actual or constructive, acquires a lien which, if perfected by judgment, execution, sale and deed, will hold the legal estate as against the holder under the unrecorded deed. (*Thomas* v. *Burnett,* 128 Ill. 37, and authorities cited on page 42.) The language of the averment of the replication is, "that at the time the said realty was attached and levied upon by virtue of said writ of attachment the title to said real estate stood of record in said Cook county, in fee simple, in the name of said defendant, Moses A. Thayer, * * * and that prior to and at the time of the levy of said attachment, plaintiffs,

or any or either of them, had no notice of the alleged ownership of said property by said interpleader." This language, under the general demurrer, must be held to mean a legal levy, and while section 9 of the Attachment act makes it the duty of the officer making the levy to file a certificate of such fact with the recorder of the county where such land is situated, and provides that after the filing of the same such levy shall take effect as to creditors and *bona fide* purchasers without notice, and not before, it was not necessary, as between these parties, to allege in the replication that the certificate of levy was filed,—in other words, it was not necessary to set out the various acts by the officer in making the levy.

The court did not err in overruling the demurrer to the amended replication. Section 26 of the Attachment act provides that the practice and pleading in attachment suits, except as otherwise provided in the act, shall conform, as near as may be, to the practice and pleadings in other suits at law. Applying this section to the pleadings and practice under an interpleader provided by section 29, when the claimant demurred to the amended replication she admitted the facts therein alleged, and upon overruling that demurrer she further elected to abide by the same, and submitted to the court the question of law whether or not the facts so admitted entitled her to a judgment for the property, or whether it was, under those facts, subject to the attachment. While section 29 requires the court, upon the filing of the interpleader, to immediately (unless good cause is shown by either party for a continuance) direct a jury to be empaneled to inquire into the right of property, when the result of the pleadings is to submit to the court only a question of law a jury is dispensed with. Therefore the court did not err in rendering judgment as under that replication, if it had presented the only material issue between the parties, and while the judgment entered was informal, we are of the opinion that, in substance, it is sufficient and settles the right of property between the parties.

It remains to be seen whether the second error is well assigned,—that is, that the superior court erred in entering judgment while a material issue remained undisposed of. As will be seen from the foregoing statement, the first general replication, which simply traversed the interpleader denying that the claimant was, at the time the same was attached and levied upon, or is now, the owner of the property attached, has not been tried either upon demurrer or an issue of fact, and if, in view of the amended additional replication, a material issue still remained undetermined under this general replication, then undoubtedly it was error for the court to enter final judgment against the claimant without first disposing of that general replication, unless she in some way waived her right to have that issue disposed of. The record fails to show that she made any objection to the final judgment on the ground that a material issue remained undisposed of. We are of the opinion, however, that the issue presented by the general replication became immaterial under the amended additional replication. By the latter the plaintiffs admitted, in effect, the allegation of the interplea, but sought to avoid the same by alleging new matter. In other words, their amended additional replication was, in effect, a plea of confession and avoidance,—*i. e.,* confessed that Susan C. Ray was the owner of the property attached, but placed their right to the attachment upon the ground that the title to the same stood of record in the defendant in the attachment, and that they had no notice of the claimant's ownership or title. If, therefore, a trial had been had upon the first replication it would have settled nothing not determined under the amended additional replication. We are of the opinion that there was no reversible error in the proceedings below by reason of the failure to dispose of the issue so made.

The judgment of the superior court will be affirmed.

*Judgment affirmed.*