## Susan C. Ray et al. v. Susan Keith et al., Executors.

### Gen. No. 13,115.

1. New cause of action—*when amended affidavit in attachment does not set up*. An amended affidavit in attachment, setting up grounds of attachment which existed at the time of the issuance of the attachment, does not set up a new cause of action.

2. Interplea—*what does not establish*. A conveyance of realty subject to an attachment does not confer such an interest that the same will become paramount to the attachment lien upon the filing of an amended affidavit in attachment without which the attachment could not have been sustained.

Attachment. Error to the Superior Court of Cook county; the Hon. Jesse Holdom, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1906. Affirmed. Opinion filed May 28, 1907.

**Statement by the Court.** Defendants in error began an action of debt against one Moses A. Thayer October 3, 1898, in the Superior Court and filed their declaration the 11th of the same month. December 19th the plaintiffs sued out an attachment in aid upon filing bond and affidavit pursuant to the statute. January 4, 1899, the defendant in that suit filed a plea traversing the affidavit in attachment. December 30, 1899, plaintiff in error Susan C. Ray filed her interplea claiming the property attached. February 24, 1900, the plaintiffs in that suit—defendants in error here—recovered judgment against the defendant Thayer in the original action in debt for $6,940.84 damages. Thayer died July 22, 1901, and the administrator of his estate was substituted as defendant. May 14, 1900, a final order was entered overruling a demurrer filed by the interpleader Susan C. Ray to the plaintiffs' amended additional replication and, the interpleader electing to stand by her said demurrer, judgment was given in favor of the plaintiffs to the effect that at the time of the issue and levy of the writ of attachment the realty so attached and levied upon was not as against said plaintiffs the property of said

interpleader. This judgment was ultimately affirmed by the Supreme Court. The facts are set forth in the report of that case. Ray v. Keith, 218 Ill. 182.

Upon January 6, 1905, the attachment issue came on for trial, and plaintiffs were allowed to file an amended affidavit in attachment, over objection of defendants' attorneys. The same day Susan C. Ray and others filed a joint and several motion in writing for leave to file an interplea *instanter* pursuant to the statute. The motion was denied, and to this denial the parties excepted.

The defendant in the attachment is not complaining of any error in the proceedings. The interpleaders prosecute this writ of error.

BOLEN & STEWART, for plaintiffs in error.

BAYLEY & WEBSTER, for defendants in error.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

The only question presented for determination is whether the Superior Court erred in denying the motion of plaintiffs in error for leave to file on January 6, 1905, what was, as to Susan C. Ray at least, a second interplea.

By that interplea it was sought to set up an interest in the property attached, claimed to have been acquired by plaintiffs in error, Bolen and Stewart, under an assignment dated November 21, 1903, in which Susan C. Ray and others conveyed an undivided fifteenth interest in said property to said Bolen and Stewart in consideration of legal services rendered and to be rendered in this case and other litigation then pending in Cook county. The interplea sets forth a second time "that the realty attached and levied upon by virtue of the writ of attachment in this behalf was at the time thereof the property of said Susan C. Ray and so remained until November 21, A. D. 1903, when the said Susan Ray, for a valuable con-

sideration made, executed and delivered the certain instrument in writing, a copy of which is hereto attached * * * and made a part hereof and from hence hitherto became, was and remained the property of these interpleaders and was not the property of the said Moses Thayer,'' defendant in the attachment. This is the precise contention made in the original interplea of said Susan C. Ray filed December 30, 1899, disposed of by the judgment of the Superior Court May 14, 1900, finding that at the time of the issue and levy of the attachment writ December 19, 1898, said property was not as against defendants in error the property of the interpleader, Susan C. Ray. This judgment was affirmed by the Supreme Court October 24, 1905, and a rehearing was denied December 12th following. Ray v. Keith, 218 Ill. 182. If as against defendants in error, Susan C. Ray had no interest in the property December 19, 1898, when the attachment writ was issued and levied, it is difficult to see how she could convey any such interest to the other plaintiffs in error November 21, 1903, as against the same defendants in error.

It is, however, contended by plaintiffs in error that when the court permitted a new or amended affidavit for attachment to be filed January 6, 1905, setting up additional grounds of attachment, the filing of such amended affidavits was an institution of a new suit, and that therefore plaintiffs in error became entitled to interplead. The new or amended affidavit in addition to the averment contained in the original affidavit that the attachment defendant, Moses A. Thayer, at the time of the issuing of the writ of attachment concealed himself or stood in defiance of an officer so that process could not be served upon him, set forth that said Thayer had within two years fraudulently conveyed or assigned his effects or a part thereof so as to hinder and delay his creditors, had fraudulently concealed or disposed of his property and was about fraudulently to conceal, assign or otherwise dispose of

his property or effects so as to hinder or delay his creditors. The attachment debtor, Thayer, had died July 22, 1901, pending the attachment suit, before it came to trial and before the filing of the amended affidavit. The contention is that the additional grounds for attachment set up in the amended affidavit constituted an "entirely fresh cause of action," since without such additional grounds the attachment could not have been sustained.

We are unable to concur in this contention. The statute provides (chap. 11, sec. 28) that no writ of attachment shall be quashed nor the property taken restored on account of any insufficiency of the original affidavit, writ of attachment or attachment bond if the plaintiff or some credible person for him shall cause a legal and sufficient affidavit or attachment bond to be filed or the writ to be amended in such time and manner as the court shall direct. In that event the cause shall proceed as if such proceedings had originally been sufficient. In Bailey v. Valley Nat. Bank, 127 Ill. 332-336, a motion to strike out the affidavit for attachment was held properly overruled where "under leave of the court the plaintiff filed an amended affidavit setting forth with sufficient clearness the nature and amount of the indebtedness claimed to be due and two sufficient grounds of attachment and an amended bond." In Hogue v. Corbit, 156 Ill. 540-544, the affidavit was held to be amendable. Such amended affidavit may be filed after the death of the defendant in attachment. R. S. chap. 1, sec. 11, Amendments and Jeofails; R. S. chap. 11, sec. 3; Dow v. Blake, 148 Ill. 76-89, citing Davis v. Shapleigh, 19 Ill. 386; Weare Commission Co. v. Druley, 156 Ill. 25-28. The amended affidavit in controversy did not purport to set up any new cause of action arising subsequent to the issue of the attachment writ. The additional grounds of attachment shown by the amendment were grounds which existed at the time the attachment issued, and it was clearly within the

proper scope of an amendment to the original affidavit to include these additional grounds. If the grounds of attachment stated in the original affidavit were insufficient to sustain the writ, the statute expressly provides that the writ shall not "be quashed, nor the property taken thereon restored" because of such "insufficiency of the original affidavit," in case a legal and sufficient affidavit shall be filed; and thereafter the cause proceeds as if such affidavit "had originally been sufficient." There was therefore no new suit, no new cause of action, and there was no new writ of attachment. There was an amended statement showing additional grounds existing at the time of the attachment, but which had been omitted in part from the original affidavit. Since the property taken on the writ could not be restored because of insufficiency in the original affidavit when such insufficiency was cured by amendment, it is difficult to see how any new rights of third parties could have intervened by reason of the assignment from Susan C. Ray set up in the new interplea sought to be filed. There was here no question of innocent purchasers, no new rights had been acquired by Susan C. Ray and she conveyed none. The only question which could have been raised by the second interplea would have been the right of property at the time of the attachment and this had been determined upon the first interplea.

Finding no. error the judgment of the Superior Court will be affirmed.

*Affirmed.*