SUSAN KEITH *et al.* Defendants in Error, *vs.* SUSAN C. RAY *et al.* Plaintiffs in Error.

*Opinion filed December 17, 1907.*

1. RES JUDICATA—*when question of interpleader's ownership of property attached is res judicata.* A judgment of the Supreme Court affirming a judgment finding that property attached in an action of debt was not the property of the interpleader at the time the writ was levied is *res judicata,* as against her and her subsequent grantees, upon the trial, in the same suit, of the issue made by traversing the affidavit for the writ, notwithstanding an amended affidavit for the writ has been filed and the administrator of the attachment debtor has been substituted as defendant.

2. ATTACHMENT—*when suit does not abate—amended affidavit for writ may be filed.* In an action of debt, where an attachment has been levied, if the defendant dies after the judgment in debt is rendered the suit does not abate, but the administrator may be substituted and a trial be had upon the issue formed by traversing the affidavit for the writ; nor is it error to allow an amended affidavit for the writ to be filed at the trial of such issue.

WRIT OF ERROR to the Branch Appellate Court for the First District;—heard in that court on writ of error to the Superior Court of Cook county; the Hon. JESSE HOLDOM, Judge, presiding.

BOLEN & STEWART, for plaintiffs in error.

BAYLEY & WEBSTER, for defendants in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

At the October term, 1905, of this court we affirmed the judgment of the superior court of Cook county whereby it was considered that at the time of the issuing and levying of the writ of attachment in the suit of defendants in error, Susan Keith, Edson Keith and Walter W. Keith, executors of the last will and testament of Edson Keith,

deceased, against Moses A. Thayer, the real estate attached
and levied upon by virtue of the writ was not, as against
said defendants in error, the property of the interpleader,
Susan C. Ray, one of the plaintiffs in error. (*Ray* v. *Keith,*
218 Ill. 182.) The judgment so affirmed was entered on
May 14, 1900. Judgment had been rendered in the origi-
nal action of debt in favor of the defendants in error and
against Thayer for $6940.84, and Thayer afterward died,
on July 22, 1901. His administrator was substituted as
defendant, and the issue formed by a plea traversing the
affidavit for the writ came on for trial on January 6, 1905.
The court then allowed the defendants in error to file an
amended affidavit for the attachment writ. The plaintiffs
in error then filed their joint and several motion for leave
to file an interplea *instanter,* and presented with the motion
the interplea, which alleged that the realty attached and
levied upon was at the time of the levy the property of
Susan C. Ray, one of the plaintiffs in error, and so re-
mained until November 21, 1903, when she executed an
instrument in writing, a copy of which was annexed to the
plea, conveying the undivided 15/100 to John L. Bolen and
Eugene Stewart, the other plaintiffs in error, as compen-
sation for conducting litigation concerning said property,
as her attorneys. The court denied the motion and plain-
tiffs in error excepted. They sued out a writ of error
from the Appellate Court for the First District, where the
judgment of the superior court was affirmed. They then
sued out a writ of error from this court to the Appellate
Court, and the record has been brought here for a review
of the judgment of the Appellate Court.

The former judgment of this court finally and conclu-
sively settled, as between the parties, that Susan C. Ray,
plaintiff in error, had no interest in the property attached,
as against the defendants in error, when the writ was lev-
ied, on December 19, 1898. It necessarily follows that she
could convey none to Bolen and Stewart. It was not error

to permit the amended affidavit to be filed. (*Bailey* v. *Valley Nat. Bank*, 127 Ill. 332.) The suit did not abate upon the death of Thayer but was properly continued against his administrator. The suit was the same, and the question settled by the former judgment is the same and between the same parties. The filing of the amended affidavit setting up additional grounds for the attachment was not the commencement of a new suit, and it would not make any difference if it had been, since the question of the rights of the plaintiff in error, Susan C. Ray, and any one claiming under her, had been adjudicated between the same parties.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*