(No. 21151.—

LENKA LIPTAK, Appellee, *vs.* THE SECURITY BENEFIT ASSOCIATION, Appellant.

*Opinion filed December 23, 1932.*

TERRY, GUELTIG & POWELL, A. W. FULTON, and Joseph F. Sheen, for appellant.

M. R. Sullivan, for appellee.

Mr. Justice Stone delivered the opinion of the court:

The Appellate Court for the Fourth District has granted a certificate of importance and appeal in this cause, presumably on the ground that some new or important question is involved in it. The appellee, as widow of Julius. Liptak, brought suit in the circuit court of Madison county against appellant, a fraternal benefit society, on a benefit certificate issued to Liptak on November 26, 1921, in the amount of $1000. To the declaration appellant filed no plea of general issue but a special plea setting out certain sections of its by-laws and alleging that before his death the insured became suspended for failure to pay premium assessments in accordance with the provisions of those by-laws. There was a trial by jury and a verdict for plaintiff in the sum of $1000. Judgment entered thereon was affirmed by the Appellate Court.

The special plea relied on was to the effect that under the by-laws of the society Liptak's policy had lapsed by reason of his failure to pay the assessment for June, 1929, before the last day of that month. The appellant asserts that thereafter, in July of that year, Liptak, or someone for him, attempted to re-instate him by payment of assessments for the months of June and July, but that this payment was made to one not authorized by the society to receive it and as a result Liptak was not re-instated. It further states that he was not in good health at that time

and could not have been re-instated. This special plea also asserts that the amount due under the certificate in any event would not be $1000 but would be $958 under the terms of the certificate, which provide that on maturity by death there shall be deducted, for the reserve fund, from the amount shown on the certificate, $50, less one dollar for each year the certificate had been in force. In this case that period was eight years and the deduction for the reserve fund would therefore be $42, making the amount due under the certificate $958.

Section 103 of the by-laws as set out in the special plea requires, before delivery of a beneficiary certificate, the payment of one assessment and local dues for one month, and thereafter, on or before the last day of each succeeding month, without notice, the payment of one assessment and local dues to the financier. Section 112 of the by-laws as set out in the special plea provides that the financier shall keep a record of all assessments and dues received from each member, showing the date when the dues and assessments were actually received by the financier. This section of the by-laws also provides as follows: "The certificate of each member * * * who has not paid such assessment or assessments and dues on or before the last day of the month shall by the fact of such non-payment stand suspended without notice, and no act on the part of the council or any officer thereof, or of the national council, shall be required as essential to such suspension, and all rights under said certificate shall be forfeited. No right under such certificate shall be restored until it has been duly re-instated by the member complying with the laws of the association with reference to re-instatement." Other sections of the by-laws provide that acceptance of assessments and dues from members not entitled to re-instatement shall not bind the association or constitute a waiver of any provision of the by-laws until a demand has been made for their return. They also provide that no officer of a subordinate lodge may

waive any provisions of the by-laws of the association, and that no custom or course of conduct in violation of such by-laws shall be held to constitute a waiver or estoppel as to the association unless actual notice thereof shall be received by the national president or the national secretary.

The dispute in the case arises over the payment during June, 1929, of the assessment and dues for that month. Liptak died on November 13, 1929. He was ill from the spring of that year, and it is conceded that if he became suspended in June his health was such as to prevent his re-instatement. The testimony of appellee and her witnesses is to the effect that one John R. DeBow, an officer of the association, came to the house of appellee, at her request, on the 29th of June and received the payment for that month on the certificate of Julius Liptak and other members of the family who were likewise members of the society. DeBow was an officer of appellant having a sort of supervision over certain lodges, or councils as they were styled, including the one holding Liptak's membership. It does not appear that he was the "financier" of the local council of this society, but that he had at times taken dues and assessments of various members of the council and signed the receipt books therefor. Appellant's evidence is a denial of the presence of DeBow at the house of appellee during the month of June and of his authority to accept dues. That evidence tends to show that DeBow received the June and July assessments from appellee on July 23, with the request that he try and have Julius Liptak reinstated. He testified that he agreed to do what he could in that behalf. This is denied on rebuttal by appellee. Concerning this payment there is sharp dispute in the evidence, and it is on this evidence that the case turns.

When the case was called for trial counsel for appellant stated to the court that under the pleadings in the case they admitted the issuance of the certificate, the relationship of the parties, the correctness of the by-laws referred

to in the certificate and declaration, admitted the death of the insured and receipt of proof of death, and moved the court to be permitted to take the lead in the examination of the jury on account of the fact that under the pleadings the burden of proof was upon the defendant. This motion was denied. It was for the same reason renewed before the taking of evidence and again before the arguments to the jury were had. In each case it was denied, and the ruling of the court in that matter is here urged as error. Counsel for appellee argues that it was necessary that she introduce proof in support of her case in chief and that therefore she had a right to open and close, and whether this be so or not, the matter of opening and closing lay in the discretion of the trial court. The right to open and close is a substantial right co-existent with the burden of proof and is corollary thereto. Whenever the plaintiff has anything to prove in order to secure a verdict the right to open and close belongs to him. It is generally held that the right to open and close is not a matter resting merely in the discretion of the trial judge but is a substantial right in the person who must introduce proof to prevent judgment against him. The party who asserts the affirmative of an issue is entitled to begin and reply. (*Cassell* v. *First Nat. Bank,* 169 Ill. 380; *Gardner* v. *Meeker,* id. 40; *Razor* v. *Razor,* 149 id. 621; *South Park Comrs.* v. *Trustees of Schools,* 107 id. 489; *Chicago, Burlington and Quincy Railroad Co.* v. *Bryan,* 90 id. 126; *Harvey* v. *Ellithorpe,* 26 id. 418; 1 Greenleaf on Evidence, sec. 74.) If appellee was, under the pleadings and admissions of appellant, entitled to judgment in the absence of proof supporting the special plea, appellant carried the burden to go forward in the offer of proof and was entitled to open and close the evidence and arguments. No plea of general issue was on file. The only controversy in the case was that raised on the affirmative special plea. This threw the burden of proof upon appellant. The issue of fact raised by that plea

was sharply controverted. The right of appellant to open and close was a substantial right. In a trial before a jury, where the pivotal fact is in sharp dispute, the advantage of opening and closing the evidence and arguments becomes one controlled by rules of law defining rights and is not left to the discretion of the judge.

Counsel for appellee argues that since the special plea averred that under the certificate at most $958 and not $1000 was due, an issue of fact was made which required the appellee to proceed with proof and in effect amounted to a general issue on the *ad damnum* charged in the declaration. The action was declared on the certificate, which provided by its terms for a reduction from the amount of insurance shown on its face, as averred in the special plea. In no event could appellee recover more than the certificate provided. There was no issue as to the amount due under the certificate if it was in force when Liptak died.

The issue of fact concerning the lapse of the certificate involved the further question whether DeBow, who was not the financier of the local council, was authorized to receive assessments from the members. That was a question of agency. On behalf of appellee the evidence of two witnesses was offered showing that DeBow had collected monthly payments from them and signed their receipt book. Appellant assigns the admission of this testimony as error. The question of DeBow's authority was one of fact, and the testimony was competent on the issue whether he had been held out by appellant as its agent for that purpose. It was not error to admit such testimony.

For the error in denying appellant the right to open and close the case the judgments of the Appellate and circuit courts are reversed and the cause remanded to the circuit court for a new trial. *Reversed and remanded.*