Charles Brignall, Appellee, v. Frank P. Merkle, Appellant.

Gen. No. 40,995.

138

Opinion filed June 24, 1940.  Rehearing denied July 8, 1940.

SIDNEY J. and ARTHUR WOLF, both of Chicago, for appellant; ARTHUR WOLF, of counsel.

REUEL H. GRUNEWALD, of Chicago, for appellee; ROBERT F. KOLB and FRANCIS M. COOPER, both of Chicago, of counsel.

MR. JUSTICE McSURELY delivered the opinion of the court.

Plaintiff brought suit on three notes made by defendant; an attachment in aid was sued out and the writ was levied on a portion of certain improved real estate in Kenilworth, Illinois; issue on the attachment was first heard and the trial court denied defendant's motion to quash the return of summons and to dismiss the attachment. Defendant appealed to this court; we sustained a motion to dismiss the appeal on the ground the order was not appealable, as the case on the merits was still pending (296 Ill. App. 250). We there said that where the attachment is tried first the merits of the controversy should be disposed of expeditiously so that both matters may be reviewed in one proceeding.

Subsequently the main case was tried before a jury, which rendered a verdict finding the issues in favor of plaintiff and assessed his damages at $19,653.96; judgment was entered on the verdict and defendant now appeals, bringing before this court for review the judgment rendered and the orders sustaining the attachment.

Plaintiff in his affidavit in attachment alleged, among other things, that defendant on due inquiry could not be found, that process cannot be served upon him, and upon diligent inquiry his place of residence cannot be ascertained; that his last-known place of residence is in Evanston, Illinois, at 940 Michigan avenue; publication was had and certificates of mailing were mailed to 940 Michigan avenue, Evanston, Illinois; summons was issued and served.

Defendant first argues that the service of the summons and the sheriff's return were invalid and should have been quashed. The argument is that section 13

of the Civil Practice Act [Ill. Rev. Stat. 1939, ch. 110, § 137; Jones Ill. Stats. Ann. 104.013] provides that service of summons shall be made "by leaving such copy at his usual place of abode, with some person of the family, of the age of ten years or upwards. . . ." Defendant asserts as a fatal defect in the service of the summons, that the sheriff's return is that the summons was served upon defendant "by leaving a copy of the same at his usual place of abode *in my county*, with Aletha Voris, mother-in-law, a person of his family of the age of 10 years or upwards and informing such person of the contents thereof . . . "; that by adding the words "in my county," section 13 of the Civil Practice Act has not been followed. *Swift v. Meyers*, 37 Fed. 37, seems to support this position, although *Healey v. Butler*, 66 Wis. 9, holds to the contrary. Other cases cited are not convincing. The return of the sheriff in the instant case follows the statute, and the words "in my county" may be considered as surplusage. Even without these superfluous words the presumption would be that the words "usual place of abode" would mean in Cook county, for it is not the practice of the sheriff to serve summons outside of his county.

Moreover, defendant filed what is called a special appearance, for the "sole purpose of traversing allegations of affidavit in attachment," and on the same day filed what is called a plea in abatement, denying the allegations in the attachment affidavit. These are signed on defendant's behalf by his attorneys and neither is limited to a jurisdictional objection but they show on their face that defendant is specifically presenting issue on the merits of the attachment. An appearance for any other purpose except to object to the jurisdiction of the court amounts to a general appearance. *People v. Bloomington Cemetery Ass'n*, 266 Ill. 32; *People v. Smith*, 281 Ill. 538; *People v. Southern Gem Co.*, 332 Ill. 370.

Upon the trial of the attachment, evidence was heard. Among other witnesses testifying was the maid employed by defendant at his Evanston apartment. She testified that defendant instructed her not to accept any registered or special delivery letters; that to all inquiries she was to say he and his wife were separated; that he did not come to Chicago and was not living there. At the close of plaintiff's evidence in the attachment case leave was granted to file an amended affidavit in attachment and defendant argues that this was improper as putting in issue additional matters. This is not the case. The amended affidavit did not purport to set up any new cause of action. The amendment asserted that at the time of making the original affidavit defendant concealed himself or stood in defiance of an officer so that process could not be served upon him. The Attachment Act permits the filing of an affidavit to cure any insufficiency in the original affidavit. Ill. Rev. Stat. 1939, ch. 11, sec. 28 [Jones Ill. Stats. Ann. 109.062]. *Bailey v. Valley Nat. Bank of Des Moines,* 127 Ill. 332. And in *Ray v. Keith,* 134 Ill. App. 119 (231 Ill. 213), it was held that as the additional grounds for attachment shown by the amendment were grounds which existed at the time the attachment issued, there was, therefore, no new suit and no new writ of attachment.

Moreover, the participation by defendant in the trial, both of the original case and the attachment issue, waived all defects, if any, in the return of the summons. *Zandstra v. Zandstra,* 226 Ill. App. 293. He made a motion to dismiss the attachment for want of a replication to his plea; he cross-examined plaintiff's witness with special reference to her testimony tending to prove that he had concealed himself and stood in defiance of an officer; he objected to documentary evidence and made a motion at the close of plaintiff's evidence to dismiss the attachment. After the court sustained the at-

tachment he filed a motion to vacate that order and for a new trial in the attachment case without limiting the motion to jurisdictional objections; he filed a motion that plaintiff's attachment bond be increased. In *Brown v. VanKeuren,* 340 Ill. 118, it is held that ''While a defendant may stand on all his legal rights . . . he may dispense with the process altogether, waive irregular process and appear in the case''; that defendant's participation in the trial upon the merits constitutes a general appearance and he cannot be heard to claim that the court did not have jurisdiction of his person. The judge who tried the attachment issue properly found that the evidence of Margaret Grenley, a maid employed in the family of defendant, sufficiently proved that defendant concealed himself or stood in defiance of an officer so that process could not be served upon him.

Defendant says plaintiff failed to prove that the real estate upon which the attachment was levied belonged to defendant. To this plaintiff replies that defendant in his plea to the original affidavit in attachment did not deny this property belonged to him. Moreover, the record shows defendant admitted upon cross-examination that title to the attached property had been in his and his wife's name ever since its purchase in 1927 until March 23, 1937; on that date there was recorded a warranty deed from defendant and his wife to Aletha Voris, defendant's mother-in-law. Also, on the same day a trust deed was recorded conveying the property to secure an alleged note of defendant and his wife in the sum of $12,000. These conveyances were made the next day following the commencement of the present action. The trust deed was delivered to a Mr. McNulty, who admitted that at the request of defendant's attorneys he had returned the trust deed to them. There are circumstances which indicate that these conveyances were made for the purpose of hindering and delaying defendant's creditors. As was said concerning similar conveyances in *Birney v. Solomon,* 348 Ill. 410, these

conveyances must be deemed to have been fraudulently made. Other points are made attacking the rulings of the court in the attachment proceedings but these are without merit.

It is said that the verdict and judgment were the result of errors committed by the trial court in giving instructions. The instructions are not numbered in the abstract or in the record, so there is some doubt as to which instructions are criticized. In *People v. Hubbard,* 355 Ill. 196, the court said instructions should always be identified in the record as well as in the abstract by number or letter. Criticism is made of four instructions which told the jury that the defendant must "establish" his defense by the preponderance of the evidence. The use of the word "establish" has been criticized in certain cases, but in *Chicago Union Traction Co. v. Mee,* 218 Ill. 9, it was held that the use of this word in instructions was unobjectionable. To the same effect are *Tedens v. Schumers,* 112 Ill. 263, 268, and *Taylor v. Pegram,* 151 Ill. 106, 117. Other instructions are criticized as being peremptory and failing to contain all the facts. These criticisms are not justified. The instructions refer to certain issues and properly tell the jury who had the burden of proof on these issues. There was no reversible error in this respect.

Defendant says part of its affirmative defense was the claim that one of the three notes upon which suit was brought had been canceled, and that having such burden he was entitled to open and close the arguments to the jury; that the court improperly refused him this right and plaintiff was permitted to open and close the arguments to the jury, citing *Liptak v. Security Benefit Ass'n,* 350 Ill. 614, which held that the party having the burden of proof has the right to open and close argument before a jury. But in that case it appears no plea of general issue was filed and the only controversy was on the affirmative special plea of the defendant. In the instant case the amended answer filed by defendant re-

quired plaintiff to prove his claim; it did not admit the execution of the notes or the indorsements. It therefore was incumbent upon plaintiff to prove his claim and he was entitled to open and close the arguments to the jury.

It was not error to permit in evidence plaintiff's exhibits 4 and 5, although these documents were not included in the list of documents filed by plaintiff pursuant to Civil Practice Act, rule 17, ch. 110, par. 259.17 [Jones Ill. Stats. Ann. 105.17]. Subparagraph 4 of the rule provides that no document required by this rule to be listed and not listed shall be introduced in evidence unless it shall be made to appear that failure to list the same "was due to the *bona fide* and reasonable belief of the party that such document was not material to the cause or matter in litigation." Defendant in his brief does not state the nature of these documents and does not show how they were material to the matter in litigation. However, examination of the record shows that the documents introduced, which were not listed, were simply for the purpose of impeaching the testimony of defendant and were only offered for this purpose. They were not material to plaintiff's original case.

Defendant has raised a large number of points which would greatly extend this opinion to note in detail. Upon the entire record we see no reason to disagree with the trial court as to the orders and judgment appealed from, and they are affirmed.

*Affirmed.*

O'CONNOR, P. J., and MATCHETT, J., concur.