**Robert L. Cross, Plaintiff-Appellant, v. Robert C. Blood, Defendant-Appellee.**

**Gen. No. 11,244.**

Second District, Second Division.
September 28, 1959.
Released for publication October 15, 1959.

John R. Snively, of Rockford, for plaintiff-appellant.

Barrick and Jackson, of Rockford (William C. Jackson, of counsel) for defendant-appellee.

JUSTICE SOLFISBURG delivered the opinion of the court.

This action for personal injuries and property damage sustained by the plaintiff, Cross, in an automobile collision was brought in the Circuit Court of Winnebago County on December 23, 1957. The answer of the defendant, Blood, denied the material allegations of the complaint.

Some three months before the Circuit Court action was filed by Cross, to be exact on September 30, 1957, the defendant, Blood, had filed an action against the plaintiff, Cross, in a Justice of the Peace Court for property damage sustained in the same collision. The Justice of the Peace entered judgment for Blood in the sum of $749.61 and costs on December 23, 1957, the same day the Circuit Court action was filed by Cross. Subsequently Cross appealed the adverse Justice Court judgment to the Circuit Court of Winnebago County.

The two causes were consolidated for purposes of trial, apparently on motion of the trial court, although the record does not reveal on whose motion this was done. Suffice to say, the record does not indicate that any party objected to consolidation. The cases proceeded to trial before a jury which terminated in a verdict and judgment finding the defendant, Blood, not guilty in the case now before us. Following the denial of post-trial motions, an appeal was taken in this cause, No. 11,244, (as well as an appeal by Cross in the case of Blood v. Cross, No. 11,245, reported hereinafter).

No questions are raised on the pleadings. The plaintiff assigns as error several points which we will consider in order.

■ Plaintiff complains that the defendant, Blood, was permitted to open and close the case both with regard to presentation of evidence and arguments. The

record does not disclose that counsel for plaintiff, Cross, objected in any way to Blood opening and closing the evidence and arguments. Having failed to make a proper and timely objection, plaintiff cannot raise this point for the first time in this court. (Sunga v. Lee, 13 Ill.App.2d 76; and see Liptak v. Security Benefit Ass'n, 350 Ill. 614, 618; South Park Com'rs. v. School Trustees, 107 Ill. 489, 491.) It hardly need be added that only one claimant could open and close and that here the party first to bring his suit was given the privilege.

■ It is contended by plaintiff that he was denied a fair trial as the result of prejudicial remarks of the presiding judge. Counsel for Mr. Cross did not see fit to set forth in his brief the remarks complained of, and we are not inclined to search the record and speculate as to the remarks of which counsel may be complaining.

■ Plaintiff urges that it was reversible error to have excluded evidence by one Theearta Holliman, a non-expert witness for plaintiff, as to whether Cross at any time complained of pain and suffering while he was at work. In support of his contention, plaintiff cites two cases, neither of which aid his position. In the first case relied upon, West Chicago St. R. Co. v. Kennelly, 170 Ill. 508, the court pointed out that statements of pain or suffering, past or present, by a claimant for personal injuries when not made to a physician are hearsay and inadmissible unless they are made at the time of injury so as to constitute part of the *res gestae*. The statements in the present case plainly do not come within the *res gestae* exception, and, therefore, under the principle set forth in the cited case were clearly inadmissible. Lauth v. Chicago Union Traction Co., 244 Ill. 244, also relied upon by plaintiff, merely holds that a non-expert witness may properly testify regarding his observations as to

a personal injury plaintiff's enfeebled condition after the injury in contrast to his observed healthy condition and demeanor prior to the injury; the decision does not sanction a non-medical witness testifying as to hearsay, and possibly self-serving, statements by the complainant concerning his pain and suffering.

Counsel for plaintiff Cross urges as reversible error certain impeaching cross-examination of his client upon alleged immaterial matters, although counsel fails to set forth or to describe by appropriate references to the abstract of record the matters to which he is referring. From a reading of the abstract of the plaintiff's cross-examination, the interrogation dealt in the main with very material issues in the case and, since plaintiff Cross admitted his prior statements made upon a discovery deposition, it was not necessary to introduce the deposition into evidence, contrary to what counsel for plaintiff seems to suggest.

■ Plaintiff contends that when the trial judge gave the instructions as one connected body and series in the consolidated cases, there resulted confusion in the minds of the jury. We have critically examined the instructions as a whole and conclude that the trial court in a proper and sound exercise of its discretion instructed the jury in one connected series of instructions rather than two complete sets of instructions. When cases are consolidated for trial, perplexing problems often present themselves lest the jury be misled or confused as to the proper considerations in each case, and that is frequently true with regard to the matter of instructions. In such situations the trial judge must be permitted a wide discretion.

■ Plaintiff complains of defendant Blood's Instruction No. 4. Section 67 of the Civil Practice Act (Ill. Rev. Stats. 1957, Ch. 110, § 67) requires the trial court to hold a conference with counsel to settle instructions and to inform them of his proposed action

500

thereon prior to the arguments to the jury. Counsel does not complain that the trial court failed to hold a conference on instructions, and we must therefore assume that the court below did comply with the Practice Act in this respect. In the absence of some showing in the record that counsel for plaintiff made specific objections to defendant's Instruction No. 4 at the conference held for the purpose of settling instructions, we think plaintiff's counsel may not raise on this appeal the giving of that instruction, Onderisin v. Elgin, J. & E. Ry. Co., 20 Ill.App.2d 73, Arboit v. Gateway Transportation Co., 15 Ill.App.2d 500.

■■ Lastly, plaintiff urges that the verdict and judgment are against the weight of the evidence. This collision occurred at the intersection of U. S. Route 51 and East Harvard Road. Blood was driving upon the preferential highway, Route 51, entrances to which from East Harvard Road were controlled by stop signs. Cross was travelling upon East Harvard Road. To detail the evidence would unnecessarily extend this opinion and serve no useful purpose. Under the evidence here the questions of defendant's negligence and plaintiff's due care were clearly jury questions. The verdict and judgment were not against the manifest weight of the evidence.

Finding no error in the record, the judgment of the Circuit Court of Winnebago County is hereby affirmed.

Affirmed.

WRIGHT, P. J. and CROW, J., concur.