The Department of Public Works and Buildings of the State of Illinois, Petitioner-Appellant, v. Howard E. Dixon, et al. (Don Frey and Dorris Frey), Defendants-Appellees.

Gen. No. 65–53.

Fifth District.

March 28, 1966.

William G. Clark, Attorney General, of Chicago (Harold G. Andrews and Richard E. Quinn, Special Assistant Attorneys General, of counsel), for appellant.

A. F. Melvin and Charles D. Winters, of Marion (R. W. Harris, of counsel), for appellees.

GOLDENHERSH, P. J.

Petitioner, the Department of Public Works and Buildings, appeals from the judgment of the Circuit Court of Williamson County in the amount of $16,000, entered upon a jury verdict in an action to condemn land owned by defendants, Don and Dorris Frey. The jury found the value of the land taken to be $4,000, and the damage to land not taken to be $12,000.

The evidence shows that defendants owned a 115 acre farm, that petitioner took 16.08 acres for the right of way of a highway and 1.5 acres for effecting a change in the channel of a creek, the change in the creek being made in order to better locate a bridge which carries the new highway over the creek bed. As the result of the construction of the highway and the change in the creek

channel, defendants' formerly almost rectangular parcel of land was trisected, leaving one parcel of 21 acres, west of the highway and north of the creek bed, a 14-acre parcel, west of the highway and south of the creek bed, and a parcel of 63 acres lying east of the highway. Title to the land taken was vested in petitioner in a "quick take" proceeding (Ill Rev Stats c 47, § 2.1 et seq. 1965), and at the time of trial the highway construction had been completed.

Four valuation witnesses testified for petitioner and five for defendants. Petitioner's testimony as to the value of the farm ranged from a low figure of $12,500 to a high of $20,000; as to the value of the 17.58 acres taken, petitioner's testimony ranged from a low figure of $1,500 to a high of $3,150. After the close of defendants' case, petitioner offered rebuttal testimony as to the damage to that portion of defendants' land which was not taken; this testimony ranged from a low figure of $3,750 to a high of $8,500.

Defendants' witnesses valued the entire farm between $24,000 and $25,500, and each of them valued the 17.58 acres taken at $5,250. As to the damage to defendants' land not taken, the testimony of defendants' witnesses varied from a low of $12,500 to a high figure of $13,-700.

The petition for condemnation is in the usual form. Defendants filed a cross petition for damages to land not taken, and that there was such damage was not denied, the only issue being the amount of damage suffered.

Petitioner complains of a number of errors, only one of which need be considered in the decision of this appeal. At the close of all the evidence defendants filed a written motion seeking the right to open and close the argument to the jury. Over petitioner's objections, the court granted defendants the right to open and close, and argument to the jury was had in that manner. Pe-

titioner contends that this was reversible error and we agree.

In Liptak v. Security Benefit Ass'n, 350 Ill 614, 183 NE 564, the Supreme Court, at page 618, said: "The right to open and close is a substantial right coexistent with the burden of proof and is corollary thereto. Whenever the plaintiff has anything to prove in order to secure a verdict the right to open and close belongs to him. It is generally held that the right to open and close is not a matter resting merely in the discretion of the trial judge but is a substantial right in the person who must introduce proof to prevent judgment against him. The party who asserts the affirmative of an issue is entitled to begin and reply. (Citing cases.)"

Whether, in an eminent domain proceeding, there is actually a burden of proof, as that term is ordinarily defined, has been the subject of considerable discussion. In Department of Public Works & Bldgs. v. Bloomer, 28 Ill2d 267, at page 270, 191 NE2d 245, the Supreme Court said: "While the condemnor bears the burden of proving the value of the land actually taken, the owner bears the burden of proof in seeking to recover for damage to the remainder."

In the 1965 Additions and Revisions to Illinois Pattern Jury Instructions, in the Committee's Comments at page 175 is found this statement "An analysis of the decisions stating that the condemnor had the burden of proving the value of the land actually taken, e. g., Department of Public Works & Bldgs. v. Bloomer, 28 Ill 2d 267, 270, 191 NE2d 245, 248 (1963), indicates that in using the term, 'burden of proof,' the courts mean only the duty to introduce competent evidence of value. No Illinois case places a burden upon the condemnor to persuade the jury that its evidence of market value is more probably true than not true or that a particular value must be proved by a preponderance or greater

weight of the evidence. An Ohio court has specifically considered the problem and stated: 'It has been established in Ohio that with reference to compensation for land taken there is no burden of proof.' In re Appropriation by the Director of Highways, 201 NE2d 889, 120 Ohio App 273 (1963)."

In IPI instructions 300.31 and 300.32, there is placed upon the defendant in a condemnation case, the burden of proving that the taking of a portion of his property, or subjecting it to an easement, will cause damage to the land not taken. The language is almost identical to the burden of proof instruction to be used in other civil proceedings. (IPI 21.01).

■■ In this case, since petitioner admits that there was damage to the land not taken, the burden, whether it be deemed to be the burden of proof, or as stated in IPI, the burden of introducing competent evidence of the value of the land taken, on the one hand, or competent evidence of the extent of damage to the land not taken on the other, the burden was equal. Petitioner, however, was required to introduce evidence of the value of the land taken, and had it failed to do so, the petition should have been dismissed, Mauvaisterre v. Wabash R. R. Co., 299 Ill 299, 132 NE 559. Had such dismissal occurred, there would have been no requirement that defendants offer evidence, since no land would have been taken.

In McReynolds v. Burlington & O. Ry. Co., 106 Ill 152, the petitioner, a railroad company, sought to condemn $6^{14}/_{100}$ acres of a 256-acre tract and 9 acres of a 420-acre tract. The defendant owners filed cross petitions claiming damage to the remainder of both parcels. In considering whether defendants should be given the right to open and close, the Supreme Court, at page 157, said: "The general rule, as laid down in Wharton on Evidence, sec 357, is: 'It may be stated, as a test of universal application, that whether the proposition be af-

110

firmative or negative, the party against whom judgment would be given as to a particular issue, supposing no proof to be offered on either side, has on him, whether he be plaintiff or defendant, the burden of proof, which he must satisfactorily sustain.' The present proceeding is not one by the land owner to have an assessment made of his damages or compensation for the taking of his land, but it is a proceeding instituted by the railroad company to ascertain what is a just compensation for the land sought to be appropriated. By our State constitution the land can not be acquired without just compensation to the land owner, to be ascertained by a jury. The statute upon the subject contemplates that the jury are to ascertain the compensation 'after hearing the proof offered.' Should there, then, be no proof offered, the petitioner would be defeated. It would fail of having an ascertainment by the jury upon proof offered of what was a just compensation for the land, without which it would be unable to acquire the land sought to be appropriated. Under the rule, then, that the party entitled to begin is he who would have a verdict against him if no evidence were given on either side, we think the court below properly ruled that the petitioner should open and close."

█ █ An examination of the annotation found at 73 ALR2d 618, leaves no doubt that the holding of the Supreme Court of Illinois that the petitioner has the right to open and close is the minority view, and the majority rule is to the contrary. Counsel for defendants have ably presented cogent arguments that the majority rule should be applied, but we are governed by the edict of the Supreme Court so clearly stated in Agricultural Transp. Ass'n v. Carpentier, 2 Ill2d 19, 116 NE2d 863, wherein at page 27, the court said: "Where the Supreme Court has declared the law on any point, it alone can overrule and modify its previous opinion, and the lower judicial tribunals are bound by such decision and

it is the duty of such lower tribunals to follow such decision in similar cases."

The judgment of the Circuit Court of Williamson County is reversed and the cause remanded for a new trial.

Judgment reversed and cause remanded for a new trial.

MORAN and EBERSPACHER, JJ., concur.