NATIONAL BANK OF ALEDO, Plaintiff-Appellee, v. CLAIR W. OLSON, Defendant-Appellant.

Third District   No. 3—85—0496

Opinion filed May 30, 1986.

966

Robert E. White, of White, Marsh & Mueller, of Ottawa, for appellant.

Karl Bredberg, of Aledo, for appellee.

JUSTICE WOMBACHER delivered the opinion of the court:

Defendant, Clair W. Olson (Clair), a guarantor on the notes of his son, codefendant Stephen Olson (Stephen) (not a party to this appeal), appeals from the judgment of the circuit court of Mercer County finding him liable on the guaranty. We affirm.

In December 1974, Stephen borrowed $90,000 from plaintiff National Bank of Aledo (the bank), signing two promissory notes. At the same time, Clair executed a guaranty of payment of all of Stephen's debts. The guaranty was limited to $200,000. Stephen's borrowing increased, and the debts grew, exceeding $200,000. In December 1980, Clair paid $100,000 to keep Stephen's debt current. Clair subsequently executed a guaranty, in exchange for the 1974 guaranty, limited to $50,000 as evidenced by two recent notes of Stephen's.

Stephen's debts became past due. The bank declared them to be in default. The bank took possession of a tractor that secured a $14,000 note. The tractor was sold at a wholesale price, and the proceeds were applied to Stephen's debts. The bank also made a demand on Clair for the $50,000 guaranty plus accrued interest. Upon Clair's refusal, the bank instituted this action against Stephen for the amount due on the various notes, and against Clair for the guaranty.

The cause was heard by a jury. The jury found in favor of the bank against both defendants. The jury found against Stephen in the amount of $150,066.87. This amount was reduced by sums that Stephen had deposited with the court. Attorney fees were assessed against Stephen in the amount of $8,000. Clair was found liable for $75,841.52, the amount of the guaranty plus interest. Only Clair brings this appeal, raising numerous issues.

■ The first issue raised is whether the trial court erred in striking Clair's affirmative defense. The defense alleged that the sale of the repossessed tractor was done without notice and in a commercially unreasonable manner, in contravention of section 9—504(3) of the Uniform Commercial Code (Ill. Rev. Stat. 1983, ch. 26, par. 9—504(3)). The defense sought to bar any recovery under the rule of this court in *First Galesburg National Bank & Trust Co. v. Joannides* (1983), 116 Ill. App. 3d 810, 452 N.E.2d 787. On the first day of trial, the trial judge, on the bank's pending motion, struck the defense based on the holding of the supreme court in the subsequent appeal in *First Galesburg National Bank & Trust Co. v. Joannides* (1984), 103 Ill. 2d 294, 469 N.E.2d 180.

The supreme court, in reversing this court, held that violations

section 9—504 would not bar a recovery in a deficiency action. Instead, such procedural errors in the sale of the collateral would result in the imposition of a presumption that the value of the collateral sold was equal to the indebtedness. The creditor would be able to rebut the presumption by showing that the sale was commercially reasonable and that the value of the collateral was less than the indebtedness. (*First Galesburg National Bank & Trust Co. v. Joannides* (1984), 103 Ill. 2d 294, 300, 469 N.E.2d 180.) After the trial court struck the defense, Clair moved to file a counterclaim for damages or a setoff. The trial judge denied this motion due to its untimeliness.

Clair claims that the trial judge should have allowed the affirmative defenses to stand as a counterclaim. He cites no authority in support of this claim. The court based its decision on the following reasons: that the defendant had the time to file a counterclaim for almost two years; that the filing of a counterclaim would necessitate additional pleadings, delaying the trial; and that the jurors were already seated, waiting for the trial to start. Additionally, the bank points to the fact that no pleading had been prepared. The bank's motion to strike had been on file for five months. The motion came as no surprise to either defendant. Additionally, the decision of the supreme court in *Joannides* had been released well in advance of trial.

A similar situation occurred in *Erzrumly v. Dominick's Finer Foods, Inc.* (1977), 50 Ill. App. 3d 359, 365 N.E.2d 684. There, the trial court's denial of a motion to amend the complaint was not an abuse of discretion where the proposed amendment was not presented to the trial court nor made part of the record on appeal. Likewise, the instant trial judge did not abuse his discretion in denying the motion to allow the defense to stand as a counterclaim. His reasons, stated above, provide an ample basis for the denial of the motion.

Clair next contends that the trial judge erred in three evidentiary rulings. The first concerned the grant of the bank's motion *in limine* that prevented Clair from presenting evidence as to an alleged oral agreement between Clair and the president of the bank. The agreement was that the bank would not allow Stephen's borrowings to exceed $200,000. As Clair had failed to show any relevance, the motion was correctly decided.

The basis for introducing the evidence was that the bank should be estopped from collecting on the guaranty due to the assertion of the president. Essential to any claim of estoppel is that there be a

showing of reasonable detrimental reliance. (*Union National Bank & Trust Co. v. Carlstrom* (1985), 134 Ill. App. 3d 985, 481 N.E.2d 300.) The evidence shows that there was no reliance on the statement, made in 1974, when Clair signed the 1980 guaranty.

◼ In 1980, Clair paid $100,000 to Stephen to help reduce Stephen's debts. Clair knew that Stephen was obligated on a number of loans by the bank. Clair also received the 1974 guaranty in exchange for his executing the 1980 guaranty. Clair knew of Stephen's financial difficulties and was able to limit his own potential liability in the process. We can see no reliance, reasonable or otherwise, by Clair on the statements made by the president.

◼ The parties argued the matter as an issue concerning the parol evidence rule. We decline to examine this issue in this light as we need not reach any parol evidence questions if the matter was not relevant. The decision of the trial judge is correct in that the statements were not admitted. Although the proper reasoning was not stated, if the decision is correct, it shall be sustained. *In re Petition of Sullivan* (1985), 134 Ill. App. 3d 455, 480 N.E.2d 1283.

◼ Clair's second evidentiary issue concerns the admission of evidence as to attorney's fees. The complaint is that there was no apportionment of the fees between the work performed for the case against Stephen and against Clair. We find any claim as to this issue meritless as the award of fees went solely against Stephen. No award of fees was made against Clair.

◼ Clair's final evidentiary claim is that the trial court erred in allowing immaterial and irrelevant evidence to be admitted. We have examined the statements in context and find their admission harmless.

◼ Clair's next contention is that the trial judge erred in not allowing him to open and close final arguments. Supreme Court Rule 233 (87 Ill. 2d R. 233) controls the order of proceeding. It reads in pertinent part: "The parties shall proceed at all stages of the trial, including *** opening and closing statements, *** in the order in which they appear in the pleadings ***."

Also, *Liptak v. Security Benefit Association* (1932), 350 Ill. 614, 183 N.E. 564, is helpful. "Whenever the plaintiff has anything to prove in order to secure a verdict, the right to open and close belongs to him" (350 Ill. 614, 618, 183 N.E. 564). The bank had an affirmative duty to show the amount of necessary and reasonable attorney fees. Without such proof, an award could not be made. The bank, as plaintiff, was entitled to proceed first. The trial judge did not abuse his considerable discretion in denying the defense motion.

*J. L. Simmons Co. v. Firestone Tire & Rubber Co.* (1984), 126 Ill. App. 3d 859, 467 N.E.2d 327.

■■ Clair's next allegation of error is in the trial judge's denial of his motion for a directed verdict as to the bank's count V. This count alleged an alternative theory—claiming liability on the $200,000 guaranty should the $50,000 guaranty be found invalid. While Clair states that there was no evidence presented on the matter, we see no prejudice in the denial of the motion, the jury obviously found the $50,000 guaranty to be valid. They did not have to reach the alternative theory alleged in count V. Thus, no prejudicial error occurred.

■■ The final issue we shall examine is whether the trial judge should have granted Clair's motion for judgment notwithstanding the verdict. The test for reviewing a decision for a motion for judgment *n.o.v.* is well settled. The motions ought to be granted only in those cases where all the evidence, most favorably viewed to the opponent, so overwhelmingly favors the movant that no contrary verdict based on the evidence could stand. *Marsh v. McNeill* (1985), 136 Ill. App. 3d 616, 483 N.E.2d 595.

■■ The basis for Clair's motion is that the two notes covered by the 1980 guaranty were renewed, and that the language of the guaranty did not apply to renewal of the subject notes. The plain and unambiguous language of the guaranty allows for both extension and renewal. The pertinent language reads: "I (or we), the undersigned, do hereby *** unconditionally guarantee unto the bank *** the prompt payment at maturity *** of any or all indebtedness, *and any extensions or renewals thereof* ***." (Emphasis added.) It is clear that the guaranty covered both extensions and renewal. Clair's claim is unsupported. The denial of the motion for judgment *n.o.v.* was proper.

For the foregoing reasons, the judgment of the circuit court of Mercer County is hereby affirmed.

Affirmed.

STOUDER and HEIPLE, JJ., concur.