## The People on the relation of Knight M. Taylor v. The Judge of the Osceola Circuit Court.

*Setting aside a reference: Interlocutory action: Discretion: Mandamus.* The setting aside of a reference upon cause shown is such interlocutory action as is within the legitimate discretion of the circuit judge, and will not be reviewed on *mandamus.*

*Heard and decided July 21.*

Application for *mandamus.*

The respondent's predecessor in office had referred a cause in said court to which the relator was a party, and after the report of the referee came in, the respondent, on motion of the relator's adversary in said cause, set aside the reference and all proceedings under it. The relator applies for *mandamus* to set aside said order and to reinstate the referee's report, claiming that the reference was ordered in the first instance upon the consent of both parties. It appears from the answer of the respondent that on the motion it was a disputed point between the parties whether the reference was by consent, the relator's adversary insisting that the reference was upon the then circuit judge's own motion, and against his objection, and that the only thing consented to was, that if a reference must be had, it should be to a person named; and that the party so objecting had not appeared before the referee to put in his evidence, or for any other purpose than to object to any testimony being taken or hearing had on the reference, claiming that the case was not a proper one for a reference.

*S. F. Dwight*, for relator.

*M. C. Burch*, for respondent.

THE COURT held that the setting aside of a reference upon cause shown is such interlocutory action as is within the legitimate discretion of the circuit judge, and will not be reviewed on *mandamus.*

Writ denied, with costs.