Herman Schulz

*v.*

Ferdinand Schulz.

138 665
31a 301
138 665
182 450

*Filed at Ottawa October 31, 1891.*

1. Chancery—*finding for complainant is a finding against defendant.* On bill to enforce a resulting trust, a finding that a resulting trust exists in favor of the complainant, is necessarily a finding that the defendant has no estate of homestead in the premises.

2. Chancery practice—*reference to master—discretion of court.* On a bill to enforce a resulting trust, and for an accounting by the defendant, the complainant, on the hearing, abandoned all claim for moneys due on an accounting, and took a decree establishing the trust. The defendant filed no cross-bill seeking affirmative relief : *Held,* no error in not referring the cause to the master to state an account, and that it was purely discretionary with the court whether to refer the question of a resulting trust to the master.

3. Same—*affirmative relief to defendant—cross-bill.* Where the defendant in a bill to declare and enforce a resulting trust fails to file a. cross-bill, he will not be entitled to any affirmative relief in respect to matters of accounting between him and the complainant.

4. Chancery pleading—*failure to make proper defendants.* Where a bill in chancery makes no allegation that the defendant has a wife,. if the defendant is prejudiced by not making her a party he should plead that fact, otherwise the court can not act upon the casual remarks of witnesses in that respect, and determine therefrom that. proper parties are not made defendants.

5. Practice in the Supreme Court—*error will not always reverse.* On bill to declare and enforce a resulting trust, the court, finding for· the complainant, decreed that the legal title should vest absolutely and forever in complainant, "free and clear of any right and estate of · dower and homestead." The defendant's wife was not made a party, and there was no allegation in the bill or answer in reference to defendant's wife, or her right of homestead or dower: *Held,* that if it was error to find against the supposed rights of the wife, it was not such ; error as to call for a reversal of the decree.

6. If the wife of a defendant in a bill to enforce a resulting trust is. not made a party, and she has rights in the litigation, she will not be· concluded by the decree finding against those rights; but such finding can not affect the defendant, and therefore he will not be injured thereby.

APPEAL from the Superior Court of Cook county; the Hon. KIRK HAWES, Judge, presiding.

Mr. ERIC WINTERS, for the appellant:

The decree does not conform to the allegations and prayer of the bill. The bill contains no allegations or reference to the homestead or to the dower of appellant's wife, and she is not made a party. *Parker* v. *Shannon*, 114 Ill. 195; *Ward* v. *Enders*, 29 id. 524.

The rights of a person can not be affected by a decree without making him a party and giving him a hearing. Barbour on Parties, (2d ed.) 474; Hawes on Parties, chap. 3, sec. 18; *Hopkins* v. *Lead Co.* 72 Ill. 378.

All persons whose interests are to be affected are necessary parties, and a want of necessary parties is fatal on the hearing or on error. *Zellei* v. *W. B. Co.* 10 Bradw. 338; *Conwell* v. *Watkins*, 71 Ill. 490; *Gerard* v. *Bates*, 124 id. 155.

The court erred in not referring the cause to the master to state the account between the parties. *Mosier* v. *Norton*, 83 Ill. 545; *Moss* v. *McCall*, 75 id. 196; *Beale* v. *Beale*, 116 id. 292; *Hewitt* v. *Dement*, 57 id. 507.

Mr. AUGUST MARX, for the appellee:

The want of proper parties can only be taken advantage of in the court below by motion to dismiss, by demurrer to the bill, if apparent on the bill, or by plea or answer. *Conwell* v. *Watkins*, 71 Ill. 488; *Allen* v. *Woodruff*, 96 id. 11.

Error working no injury to appellant will not reverse. *Dyer* v. *Hopkins*, 112 Ill. 179.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This is a bill to declare and enforce a resulting trust. There is some conflict in the evidence, but we are of the opinion that when due consideration is given to all of it, there is a clear preponderance in favor of appellee. The parties are father

and son, of German nationality, and the former does not speak or understand English, and is ignorant of legal forms and requirements, while the latter understands and speaks English, and is a competent and shrewd business man. A part of the money invested in the purchase of the property in controversy appears to have been earned by the labor of appellant, but he was, at the time, a minor, not enfranchised, and he and appellee then lived, and so continued to live, until after the purchase of the property in controversy, as members of a common family, and appellee, having faith in the capacity and fidelity of appellant in business matters, at the time this property was purchased gave him his entire confidence, and relied upon what he did without question as being right. These facts explain, satisfactorily, conduct of the appellee which, had the business capacity and intelligence and personal relations of the parties, respectively, been different, would have appeared inconsistent with the claim that appellee makes, and they reconcile such conduct with the testimony given by himself and others in his behalf.

It is objected that the decree declares that the legal title shall "rest absolutely and forever" in appellee, "free and clear of any right and estate of dower and homestead," notwithstanding appellant's wife is not made a defendant to the bill, and there is no allegation in the bill with reference to the homestead or the dower claim of appellant's wife. This may be conceded to be an error, without admitting that it is such as should work a reversal of the decree below. There is nothing in the pleadings in this case showing that appellant has a wife, and we can not act upon the casual remarks of witnesses in that respect, and determine therefrom that proper parties were not before the court. The bill makes no allegations showing that appellant has a wife, and therefore if he, in fact, has one, and he is prejudiced by not having her made defendant, he should plead the fact. If he has a wife who has rights in, the matters involved in this litigation, it is quite clear that

she can not be concluded by the decree herein. So much of the decree as assumes to determine the right of dower can not affect appellant, and therefore he is not injured thereby.

The resulting trust alleged in the bill is inconsistent with the existence of the right of homestead in appellant, and the resulting trust being found by the court to exist, the right of homestead is necessarily determined to not exist; and so, while the language of the decree in respect of the homestead right is not, in strictness, authorized, it can do no harm. There was a prayer in the bill in addition to that to declare and enforce a resulting trust in real estate, for an account, and for decree against appellant for balance of money thereupon to be found due from him to appellee. The decree recites that appellee, on the hearing, abandoned all claim for moneys due on an accounting, and asked for a decree, which was rendered, respecting the real estate only.

It is contended that the court erred in not referring the cause to the master to take and report an account. Appellant filed no cross-bill, and was, consequently, entitled to no affirmative relief in respect to matters of accounting between him and appellee. It certainly, therefore, could not injure him that appellee abandoned his claim for money due on an accounting. It was purely discretionary with the court whether to refer the question of a resulting trust to the master.

We find no error in the decree, and it is therefore affirmed.

*Decree affirmed.*