## Lewis D. Clark, et .als *vs.* Andrew Clark.

### Washington.   Opinion February 5, 1914.

*Arbitrators.   Discretion.   Exceptions.   Motion to Strike off Reference.*
*Real Action.   Referees.   Rule of Court.   Will.*

Real action entered at the January term, 1912 and referred under rule of court to three arbitrators, together with an equity suit.  The report of referees so far as it related to the equity suit was filed January 9, 1913, and with the report a memorandum by referees in which they declared that they deemed it inexpedient to decide the real action until the probate of the last will and testament of Lewis D. Clark.  At the October term, 1913, the rule was recalled and the reference stricken off.  To which the plaintiff excepted.

*Held:*

1.   That before an award is made, any submission to referees, not by rule of court, may be revoked by any party to the submission, but it is otherwise if the submission is by rule of court.

2.   The submission of a cause by rule of court necessarily means that the cause is  entered upon the docket of that court, is within the jurisdiction of that court, and under the control and direction of that court so far, at least, as procedure is concerned.

3.   The right of the court acting in the exercise of proper discretion, and within the bounds of justice, would seem to fully warrant the recall of the rule of reference, under circumstances like the case at bar.

4.   Courts will, upon motion of either party, upon a hearing and for good cause, rescind the rule and dispose of the cause in some other way.

5.   The court may also, if the parties or the referees should delay proceedings unreasonably, rescind the rule and order the cause tried by jury.

On exceptions by plaintiff.   Exceptions overruled.

This is a real action entered in court at the January term, 1912, of the Supreme Judicial Court, at Machias, in the County of Washington.  At the return term, by rule of court, this case and an equity case involving matters in which both parties were interested were referred to three arbitrators.  The referees filed their report and award so far as it related to the equity case January 9, 1913, and with the report a memorandum stating that they deemed it inex-

pedient to decide the real action until the probate of an instrument purporting to be the last will and testament of Lewis D. Clark had been determined. At the October term of said court, on motion of defendant, the rule of reference was recalled and the reference stricken off. To this action of the presiding Justice, the plaintiff excepted and his exceptions allowed.

The case is stated in the opinion.

*J. F. Lynch, and H. H. Gray,* for plaintiff.

*W. R. Pattangall, and A. D. McFaul,* for defendant.

SITTING: SAVAGE, C. J., SPEAR, PHILBROOK, JJ.

PHILBROOK, J. This is a real action, entered at the January term, 1912, of the Supreme Judicial Court sitting at Machias, and at the return term, under rule of court, referred to three arbitrators. With it was referred to the same arbitrators, an equity suit involving matters of interest to the same parties. The docket entries made at the October term, 1912, of said court provided that the report of the referees was to be filed in vacation as of that term. According to the statement of the case made in the bill of exceptions the report, so far as it related to the equity suit, was filed January 9, 1913, and with that report the referees filed a memorandum in which they declared that they deemed it inexpedient to decide the questions presented in this real action until the probate of a certain instrument, purporting to be the last will and testament of Lewis D. Clark, had been determined.

At the term of court held in October, 1913, on motion of defendant, the rule of reference was re-called and the order of reference stricken off. To this action of the presiding Justice the plaintiff excepted and his exceptions were duly allowed and certified. The issue before this court, raised by the bill of exceptions, is one of practice and procedure.

The plaintiff presents no authorities in support of his contention that the presiding Justice erred in the court below, nor has our attention been called to any instance where this court has been called upon to decide the precise issue now presented. It is universally held that, before an award is made, any submission to referees, not by rule of court, may be revoked by any party to the submission,

but otherwise if the submission is by rule of court. *Gregory* v. *Pike,* 94 Maine, 27. Such has been the rule in this State since the very beginning of our judicial system. *Cumberland* v. *North Yarmouth,* 4 Maine, 459. The submission of a cause by rule of court necessarily means that the cause is entered upon the docket of that court, is within the jurisdiction of that court, and under the control and direction of that court so far, at least, as procedure is concerned. The right of the court, therefore, acting in the exercise of proper discretion, and within the bounds of justice, would seem to fully warrant the recall of the rule of reference under circumstances like the case at bar.

"Courts will, upon the motion of either party, upon a hearing and for good cause, rescind the rule, and dispose of the cause in some other way. The court may also, if the parties or the referees should delay proceedings unreasonably, rescind the rule and order the cause tried by jury." *Dexter* v. *Young,* 40 N. H., 130. The Supreme Court of Michigan, in *Taylor* v. *Judge of Osceola Circuit,* 30 Mich., 99, has held that the setting aside of a reference upon cause shown is such interlocutory action as is within the legitimate discretion of the circuit Judge. The Supreme Court of Indiana, in *Heritage* v. *State,* 88 N. E., 114, has held that when there has been a submission to referees under rule of court, its revocation "is not dependable upon the caprice or desire of either or both of the parties, but rests within the sound discretion of the court; and whether a revocation or a setting aside of the submission is to be had is controlled and determined by the court."

Under these rules of law and the circumstances of this case, we are of the opinion that there was no error in the ruling and order of the court below, and that the entry should be,

*Exceptions overruled.*