(No. 27089.—Writ denied.)

THE PEOPLE *ex rel.* Lizzie Brignall, Admx., Petitioner, *vs.* JOHN C. LEWE, Judge, Respondent.

*Opinion filed May 20, 1943—Rehearing denied Sept. 20, 1943.*

REUEL H. GRUNEWALD, ROBERT F. KOLB, and FRANCIS M. COOPER, for petitioner.

SCHUYLER & HENNESSY, and JAY STOUGH, for respondent.

Mr. JUSTICE WILSON delivered the opinion of the court:

The People of the State, on the relation of Lizzie Brignall, administratrix of the estate of Charles Brignall, deceased, filed an original petition for a writ of *mandamus* commanding the defendant, John C. Lewe, a judge of the superior court of Cook county, to proceed with the hearing and to expeditiously dispose of a cause pending before him entitled Charles Brignall v. Frank P. Merkle, *et al.*, upon the testimony taken and certified to by the master in chancery to whom the cause had been re-referred subsequent to the death of the master to whom it was originally referred. Respondent interposed an answer to the petition. Plaintiff's motion to strike the answer has been

treated as closing the issues. Upon these pleadings the cause is submitted.

February 16, 1939, Charles Brignall obtained a judgment for $19,653.96 against Frank Merkle in the circuit court of Cook county in an action on three notes executed by Merkle in 1931. An attachment in aid was sued out and the writ levied on improved real estate described as the "Kenilworth" property. The Appellate Court for the First District affirmed the orders sustaining the attachment on the ground that a mortgage and conveyance by deed of the property by Merkle subsequent to the date of the judgment were fraudulent. (*Brignall* v. *Merkle,* 306 Ill. App. 137.) October 17, 1940, we denied Merkle's petition for leave to appeal. Thereafter, general and special executions were issued and the sheriff levied upon Merkle's interest in the "Kenilworth" property.

In the meantime, on April 3, 1939, Brignall filed his complaint in aid of execution in the superior court of Cook county, charging that not only the Kenilworth property but two other parcels of real estate, designated as "Evanston" and "Halsted" properties, owned by Merkle, had been likewise fraudulently conveyed by him subsequent to the entry of plaintiff's judgment. Frank P. Merkle, Leona V. Merkle, Aletha I. Voris, William Philip McNulty, Elsie Sturm, Benjamin T. Warwick, Lucille Loewy, and the Chicago Title and Trust Company, as trustee, were made defendants. Personal service was had upon all defendants except Warwick and his wife, who were served by publication. Defaults against defendants Warwick and Sturm were taken. The other defendants answered the complaint, denying any fraud and averring that the challenged conveyances were made in good faith and for value. On January 30, 1940, Judge Charles A. Williams, before whom the cause was then pending, referred it to a master in chancery, Robert W. Dunn, "to take evidence and to re-

port the same back to said court with his conclusions of law and fact thereon." From February 16, 1940, to April 5, 1941, 701 pages of evidence in chief and rebuttal on the part of plaintiff, together with considerable documentary evidence, were taken. This evidence was transcribed and submitted to master Dunn for consideration and certification. Other testimony, offered by defendants, was not transcribed or submitted to him. The last hearing at which evidence was taken before master Dunn was on April 15, 1941. He died May 7, 1941, before rendering his report and without having certified to, made findings upon, or drawn conclusions from the evidence.

June 12, 1941, Leona V. Merkle, one of the defendants, advised respondent of the death of, and moved to vacate the order of reference to, master Dunn, and to re-refer it to another master to take proofs and report the evidence, together with his conclusions of law and fact. This motion was denied, but on motion of plaintiff, and over the objection of defendants, respondent entered an order directing that the cause be referred to James R. Bryant, as special master, "to ascertain and certify to the evidence heretofore taken herein by Robert W. Dunn, a former master in chancery of this court, now deceased, as such special master and to take any other or further evidence that may be offered by the parties hereto and certify the same to this court with all convenient speed." To the entry of this order each defendant objected, and exceptions thereto were noted on the order. From June 18 to October 28, 1941, hearings were had before master Bryant, and proof adduced as to the evidence heard before master Dunn. Other evidence on the merits was also received. In addition to the transcript of plaintiff's evidence previously mentioned, and the exhibits included therein, 201 pages of testimony taken by master Bryant, together with documentary evidence, were transcribed and included in his report, dated November 14, 1941. Upon minor cor-

rections being made, objections to his report were over-ruled. January 16, 1942, the report was submitted to the court, certifying the evidence which had been introduced by plaintiff before master Dunn and, also, the testimony offered before himself by certain defendants, but not certifying any of the evidence introduced by the defendants before master Dunn, no transcript having been offered in evidence upon the second reference.

January 27, 1942, after master Bryant's report was filed, on motion of plaintiff and over the objection of defendants, respondent entered an order directing each defendant to produce and file a transcript of all evidence, if any, taken on his behalf before master Dunn. Subsequently, transcripts of the testimony on direct examination of various witnesses for defendants before master Dunn, certified to by the court reporter attending the hearings before the master, were filed. No transcript of the testimony on cross-examination of these witnesses has ever been filed. Objections by plaintiff to the filing of these transcripts on the grounds they were not certified by master Bryant and omitted the testimony on cross-examination are still pending disposition.

Numerous continuances were granted. Relatrix alleges that on April 15, 1942, the cause was continued generally, respondent announcing he would proceed to read the record and evidence, and would then, upon notice to the parties and counsel, dispose of the cause. Later, pursuant to notice served by plaintiff, respondent set a hearing for July 21, when, according to relatrix, respondent stated he would finally dispose of the cause on its merits and, also, all pending motions. July 21, the cause was further continued to July 28, when, at plaintiff's request, it was set for July 31. On the day last named, plaintiff's attorneys and attorneys for certain defendants argued the cause on its merits "a large portion of said day." At this hearing, defendants' objections to the order of reference to master

Bryant were renewed. They contended that either some judge of the superior court should hear the testimony or that the cause be referred to a master who could hear and see the witnesses and report his conclusions. Respondent announced he would reserve his ruling on these objections, and continued further argument until after the summer vacation.

At the September, 1942, term of the superior court, respondent was assigned to the trial of law actions, and the cause was assigned to Judge Ulysses S. Schwartz, pursuant to the rules and practice of the superior court. October 7, 1942, respondent, in response to plaintiff's request, upon notice, set the cause for October 30, 1942. Relatrix alleges that, with the permission of respondent, plaintiff's counsel appeared before the executive committee of the superior court, advised the committee that respondent had considered all the evidence in the cause and, if assigned to him, would finally dispose of it on the merits, and that, upon these representations, the cause was transferred and reassigned to respondent.

The principal conflict between the allegations of relatrix's petition and the averments of respondent's answer relates to what transpired on October 30, 1942. According to the former, respondent expressed a doubt as to his right to hear the cause and render a decision upon the merits on the evidence certified to and reported by master Bryant, stating he was of the opinion the entire cause should be re-heard by a master; that when plaintiff protested against the procedure recommended respondent suggested the cause be heard anew before the court and the witnesses produced in open court; that plaintiff objected, insisting the cause be disposed of finally by respondent upon the evidence certified by master Bryant, and that plaintiff likewise objected to transfer of the cause to any other judge on the ground respondent had read and considered all the evidence before him, the sole remaining duty devolving upon him being

the rendition of a final decree disposing of pending motions and the cause on the merits. According to respondent's answer, when the cause came on for further argument on October 30, he stated .the testimony he had read was highly conflicting; that, in order to determine the credibility of the witnesses, it would be necessary for either the court or a master to see and hear the witnesses as they testified; that he was convinced his order of reference to master Bryant was erroneous and should be vacated, and. that the parties were entitled to have the testimony heard by the chancellor or master whose duty it would be to pass on the credibility of the testimony, and that he then solicited the consent of the parties to a decision by him upon the evidence, as taken before masters Dunn and Bryant, but the defendants refused their consent to this procedure. From the answer it appears respondent thereupon announced that inasmuch as, under his holding, the testimony would have to be heard by either a chancellor or a master, he, having been assigned to hear common-law actions, would assign the cause to the head of the chancery division of the superior court for reassignment to a judge hearing chancery matters. Answering further, respondent asserts that no testimony in the cause was heard by him, the only evidence presented to him in open court being the transcripts of evidence taken before masters Dunn and Bryant. November 4, 1942, the cause was regularly assigned to Judge Schwartz by the head of the chancery division of the superior court. Concluding, respondent, on information and belief, declares that Judge Schwartz is ready, able and willing to proceed with an expeditious hearing of the cause. November 20, 1942, the relatrix, Lizzie Brignall, was substituted for the original plaintiff, Charles Brignall, now deceased.

The decisive issue made by the pleadings is whether respondent, lacking consent of all parties in the cause of Brignall v. Merkle *et al.,* and contrary to his own con-

sidered judgment, can be compelled to render a decision, solely upon a consideration of the evidence adduced before both masters, as contained in the transcripts presented to him, without having heard the witnesses in open court and without the benefit of the conclusions of the masters as to the credibility of witnesses appearing before them. Relatrix contends that a sufficient hearing has been afforded the parties, rendering a re-reference unnecessary; that the court improperly refused to decide the cause merely upon defendants' failure to assent thereto and that, consequently, respondent can be compelled by *mandamus* to proceed. Respondent, on the other hand, insists that since fraud is the *gravamen* of the charge and the evidence highly conflicting, his determination that his previous reference to master Bryant was erroneous and a new hearing before a court or master is necessary constitutes a matter involving his judicial discretion and, hence, is not a proper subject of inquiry in a *mandamus* action.

It is true, as relatrix contends, that in a proper case this court will issue a writ of *mandamus* to compel the judge of a trial court to hear a pending cause. The concession does not, however, aid her. The writ of *mandamus* will be awarded only where the right of the applicant is clear and undeniable and the party sought to be coerced is bound to act. (*People ex rel. Brownrigg* v. *Brentano,* 259 Ill. 359.) Conversely, *mandamus* does not lie to control the exercise of judicial discretion. (*People ex rel. Simus* v. *Donoghue,* 377 Ill. 122; *People ex rel. Lax* v. *Ehler,* 353 Ill. 595; *People ex rel. Briggs & Turivas* v. *Cook,* 311 Ill. 429; *People ex rel. Kennon* v. *LaBuy,* 305 Ill. 11; *People ex rel. Jones* v. *Chytraus,* 183 Ill. 190.) Whether a case should be referred to a master or heard in open court is a matter purely discretionary with the trial court. (*Harding* v. *Harding,* 180 Ill. 481; *City of Belleville* v. *Citizens' Horse Railway Co.* 152 Ill. 171; *Schulz* v. *Schulz,* 138 Ill. 665.) Again, an order setting

aside a reference upon cause shown is within the legitimate discretion of a circuit court judge, not reviewable on *mandamus*. (*In re Hawkins*, 147 U. S. 486; *People v. Judge of Osceola Circuit Court*, 30 Mich. 99; *Ferris* v. *Munn*, 22 N. J. L. 161.) Where a defendant, relying upon the insufficiency of the complainant's evidence, introduces no evidence until after the master has filed his report, the chancellor may, upon a proper showing, order the master to reopen the case and hear the defendant's evidence. (*Brewster* v. *Cahill*, 199 Ill. 309.) Moreover, it is not the office of a writ of *mandamus* to serve as a substitute for a direct review of the order of a judge in any matter which he had jurisdiction to decide. (*People ex rel. Barrett* v. *Shurtleff*, 353 Ill. 248; *People ex rel. People's Gas Light and Coke Co.* v. *Smith*, 275 Ill. 210.) Here, the manifest object of the petition for *mandamus* is to control the discretion of respondent as a judge, and, at the same time, to have us review the propriety of his conclusion that he should not determine the cause without hearing and seeing the witnesses, or, in the alternative, without a complete re-reference to a master.

Master Dunn died before proofs were closed. At the time of his death, he had neither certified to any evidence nor made any report of his conclusions, as provided in the order of reference to him. The testimony taken before him, together with the evidence adduced before master Bryant, it is argued, should be treated as depositions and the cause heard wholly on the two transcripts. A master in chancery or a chancellor before whom a cause is heard may consider depositions in connection with the evidence before him. (Ill. Rev. Stat. 1941, chap. 51, par. 24.) It does not follow that the transcripts certified by master Bryant should be treated as depositions. Section 38 of the Evidence Act, (Ill. Rev. Stat. 1941, chap. 51, par. 38,) which provides: "On the trial of every suit in chancery, oral testimony shall be taken when desired by either party,"

secures to the parties the right to have evidence in a chancery case introduced orally. This provision does not secure, as relatrix urges, merely the right to either party to introduce his own testimony orally but, instead, means that either party enjoys the right to compel all of the testimony to be taken orally instead of by depositions. *Cox* v. *Pierce,* 120 Ill. 556.

Section 61 of the Civil Practice Act, (Ill. Rev. Stat. 1941, chap. 110, par. 185,) provides that the chancellor may refer the cause to a master to report his conclusions thereon. This gives him the power and clothes him with the right to exercise his discretion in reference thereto.

Under these circumstances, it cannot be successfully argued that respondent was abusing the sound judicial discretion vested in him when he decided that his reference to master Bryant was improvident and that he should either refer the cause to a master to take all the evidence and report his conclusions of law and fact, or, if the parties so desired, himself hear the cause in open court. Here, the relief sought is a writ directing respondent to proceed with the hearing of Brignall v. Merkle *et al.* upon the testimony taken and certified to by master Bryant. Respondent's answer discloses that he recognized his error in referring the cause to master Bryant, over the objections of the defendants, to ascertain and report the evidence previously taken by master Dunn. (*Coel* v. *Glos,* 232 Ill. 142; *Fitchburg Steam Engine Co.* v. *Potter,* 211 Ill. 138.) When master Dunn died before the proofs were closed, the only permissible reference was to a new master to take evidence and report his conclusions thereon. Respondent was warranted in concluding that the reference was wrong in two respects, first, as an error of commission in directing master Bryant to consider the evidence taken by master Dunn and, second, as an error of omission in not directing him to take all the evidence and report

his conclusions of law and fact. On the other hand, respondent's answer discloses, and the motion to strike it admits, that on October 30, 1942, he expressed his willingness, provided the parties acquiesced, to decide the issues upon the reports of masters Dunn and Bryant. Defendants declined to assent. Respondent had reached the conclusion that the parties were entitled to a complete hearing by a chancellor or master who could pass upon the credibility of the conflicting testimony. Since respondent had been assigned to hear common-law actions, the cause was reassigned to a judge of the superior court hearing chancery cases. The course taken by respondent on October 30, demonstrates that he was not standing in defiance of the parties nor acting arbitrarily or capriciously but was, instead, attempting to solve an unfortunate situation to the satisfaction of all the parties in accordance with their legal rights. Issuance of the writ sought would serve only to interfere with the exercise of respondent's judicial discretion.

In *Kenealy* v. *Glos,* 241 Ill. 15, and *Coel* v. *Glos,* 232 Ill. 142, the concession was made that upon a reference to a new master for the purpose of taking the evidence and reporting his conclusions it would be necessary to retake the testimony. No legal duty rested upon respondent to proceed to a decree in Brignall v. Merkle *et al.,* upon the facts previously recounted. Nor has an abuse of judicial discretion been shown. We are not concerned with what respondent might have done but solely with what he was required to do.

Relatrix has failed to show a clear and undeniable right to the writ of *mandamus.* The answer of respondent is sufficient, and the motion of relatrix to strike it is overruled. Accordingly, the writ of *mandamus* is denied.

*Writ denied.*