FLAVIE LEBEL *vs.* ALEXINA CYR.

Aroostook.   Opinion, October 18, 1943.

*Alice M. Parker,* for the plaintiff.

*Arthur J. Nadeau,*

*John B. Pelletier,* for the defendant.

SITTING: STURGIS, C. J., THAXTER, HUDSON, MANSER, MURCHIE, CHAPMAN, JJ.

HUDSON, J.   This is a real action brought to this Court on exceptions by the defendant to an ordered judgment of default.

These are the material, undisputed facts: The writ, dated August 14, 1941, was entered in the Superior Court in Aroostook County at the September term 1941. That Court has four terms yearly in that county—in February, April, September, and November. At the April term 1942 by agreement the action was referred under rule of court to a Justice of the Superior Court "with right of exceptions in matters of law; defendant to have right to file disclaimer." No disclaimer was filed. At the November term 1942 the reference was taken off by agreement, and the defendant was ordered by the Court to file pleadings and specifications of defense on or before December 1, 1942. Also at that November term the case was referred to the same Justice with like right of exceptions. Rule to the referee did not issue. At the February term 1943 the

plaintiff filed a motion for default because the pleadings and specifications had not been filed, and the defendant moved to be permitted to file the same then on the ground that she had not been able to obtain the services of a surveyor which she considered necessary for compliance with the order for previous filing. These two motions were heard together by the presiding Justice, who granted the motion for default. The record is silent as to what if any action was taken on the defendant's motion.

Under the exceptions, as admitted in defendant's brief, two questions only are here presented for decision: namely, (1) "While the said case was under references, did the said Superior Court have jurisdiction to order a judgment by default in favor of the plaintiff," and (2) "Did the Court exercise sound judicial discretion, so as to work out substantial equity and justice."

## The First Question

We are concerned with the second reference at the November term 1942. This was by rule of court. References may be by rule of court or otherwise. When not by rule of court, either party to the submission may revoke the reference, but this does not hold where the submission is by rule of court. *Gregory* v. *Pike,* 94 Me., 27, 32, 46 A. 793; *Clark* v. *Clark,* 111 Me., 416, 417, 418, 89 A. 454. Where there is a selection by the parties of "another and different tribunal from that in which a case is pending to settle their controversies, as when they enter into a reference of a pending suit at common law or into a statutory submission, the cause thus referred is thereby discontinued." *Hearne* v. *Brown,* 67 Me., 156, 158. But there is no such discontinuance where there is to be a "judgment on the report or a cognovit is to follow." *Ex parte Wright,* 6 Cow., (N. Y.) 399; *Hearne* v. *Brown,* supra, on page 158. Whenever "by express agreement *or necessary implication* the cause is

to be retained on the docket until the arbitration is perfected by an award" (italics ours) there will be no discontinuance of the pending cause by reason of mere submission to arbitration. *Hearne* v. *Brown,* supra, on page 158.

In *Clark* v. *Clark,* supra, it is stated on page 418:

> "The submission of a cause by rule of court necessarily means that the cause is entered upon the docket of that court, is within the jurisdiction of that court, and under the control and direction of that court so far, at least, as procedure is concerned. The right of the court, therefore, acting in the exercise of proper discretion, and within the bounds of justice, would seem to fully warrant the recall of the rule of reference under circumstances like the case at bar."

In *Clark* v. *Clark,* supra, procedure was concerned. So it is in the instant case. At the February term 1943 the Court procedurally and with authority recalled the case from reference. In *Dexter v. Young,* 40 N. H., 130, cited on page 418 of *Clark* v. *Clark,* supra, page 455 in 89 A., it was held that upon a hearing and for good cause the Court could rescind a rule of reference and dispose of the cause in some other way.

Our answer to question one is that the reference did not effect a loss of jurisdiction and deprive the Court of the right of revoking the reference and ordering the judgment of default.

But the defendant contends that the Court rendered no decision on her motion (heard with the motion for default) to permit the filing of her pleadings and specifications at that term of court. However, the effect of the granting of the plaintiff's motion for default was to deny in fact the defendant's motion.

### The Second Question

Whether or not the reference should be revoked by the Court and the defendant defaulted under the circumstances

of the case were within the discretion of the Court. Rule of Court VII provides:

"Either party may obtain a rule on the other to plead, reply, rejoin, etc., within a given time to be prescribed by the court; and if the party so required neglect to file his pleadings at the time, all his prior pleadings shall be struck out, and judgment entered of nonsuit or default, as the case may require, unless the court for good cause shown shall enlarge the rule."

It was the duty of the Court to act in the exercise of proper discretion and within the bounds of justice. *Clark* v. *Clark,* supra, on page 418. Decisions made in the exercise of proper discretion and within the bounds of justice are not exceptionable. The right of exception arises only when there is an abuse of discretion and the burden to prove such rests upon him who alleges it. *Day* v. *Booth,* 122 Me., 91, 92, 118 A. 899; *Foss* v. *Richards,* 126 Me., 419, 422, 139 A. 313.

Judicial discretion "does not mean the arbitrary will and pleasure of the Judge who exercises it. It must be sound discretion exercised according to the well established rules of practice and procedure, a discretion guided by the law so as to work out substantial equity and justice. It is magisterial, not personal discretion. The chief test as to what is or is not a proper exercise of judicial discretion is whether in a given case it is in furtherance of justice. If it serves to delay or defeat justice it may well be deemed an abuse of discretion." *Charlesworth* v. *American Express Company,* 117 Me., 219, 221, 103 A. 358, 359; *Hill* v. *Finnemore,* 132 Me., 459, 473, 172 A. 826; *Bourisk* v. *Mohican Co.,* 133 Me., 207, 210, 175 A. 345.

Then has the defendant in this case proved clear abuse of judicial discretion? We think not. As stated, the two motions were heard together, and the Justice must have concluded that "good cause" was not "shown" for enlarging Rule VII, *supra.* The record does not contain the evidence then presented, so

we cannot review the facts. However, the case had been pending in court a long time and the Court might have concluded that the defendant had unreasonably delayed the proceedings. See *Clark* v. *Clark,* supra, on page 418. This record lacks proof of clear abuse of discretion.

*Exceptions overruled.*