(No. 31214.

THE PEOPLE *ex rel.* T. H. Reiter, Petitioner, *vs.* JOHN J. LUPE, Judge, Respondent

*Opinion filed January 18, 1950.*

JOHN A. BROWN, of Chicago, for petitioner.

VOGEL & BUNGE, and HEINEKE & CONKLIN, both of Chicago, and A. M. FITZGERALD, of Springfield, for respondent.

Mr. JUSTICE DAILY delivered the opinion of the court:

This is an original action in *mandamus* instituted to require respondent, Judge John J. Lupe, of the superior court of Cook County, to expunge from the record an order he entered on May 11, 1949, in a proceeding wherein petitioner was plaintiff and others hereinafter named were defendants. The cause is submitted to us on the petition filed in this court and the answer of respondent, the subject matter of the controversy consisting entirely of court records.

The basic action, from which this *mandamus* proceeding stems, was an action for an accounting commenced by the petitioner in 1936 against Illinois National Casualty Company, a corporation, Claude H. Barr, Arthur M. Fitzgerald, Ernest Palmer, and Fidelity and Deposit Company of Maryland, a corporation, defendants. On April 11, 1940, after the issues were joined by the pleadings, Judge McKinlay of the superior court referred the cause to master in chancery John F. O'Toole to take testimony and

report the same to the court with his conclusions of law and fact. At the close of the plaintiff's evidence the defendants filed a motion for a finding in their favor and to dismiss the suit under section 64(4) of the Civil Practice Act. (Ill. Rev. Stat. 1945, chap. 110, par. 188.) On the report and recommendation of the master, Judge McKinlay granted the motion and dismissed the suit. Plaintiff, Reiter, took an appeal to Appellate Court, First District, which court, in a decision reported at 328 Ill. App. 234, affirmed the dismissal as to Fidelity and Deposit Company of Maryland, but reversed it as to the other defendants. The Appellate Court found that plaintiff had made out a case for affirmative relief, and held that defendants, by virtue of their motion at the close of plaintiff's evidence, had submitted the case on its merits and waived their right to present evidence.

The remaining defendants perfected appeals to this court. (*Reiter* v. *Illinois National Casualty Co.* 397 Ill. 141.) We dismissed the defendant Palmer from the cause, reversed the judgment of the Appellate Court as to the other defendants, and remanded the cause to the superior court with directions that the defendants be given an opportunity to present their evidence. The reversal and remandment was phrased as follows: "We have purposely refrained from reciting the evidence or conclusions which might be drawn therefrom, because as to certain of the appellants the cause must be remanded to enable them to introduce evidence in their defense if they so elect. * * * it is our conclusion that the judgment of the Appellate Court * * * be reversed, and the cause remanded to the superior court with directions to proceed in accordance with the views expressed herein."

On receipt of our mandate, Judge Schwartz of the superior court entered an order on October 31, 1947, re-referring the cause to O'Toole, the master who had heard the plaintiff's evidence originally. The order recited that

the reference was "for the purpose of hearing such evidence as the defendants may care to produce and such additional evidence as the plaintiff may care to produce, and at the close of all the testimony to report his findings of fact and conclusions of law to the court." Plaintiff, the petitioner here, objected to the re-reference to O'Toole, alleging prejudice, but his objection was overruled. Later all parties appeared before the respondent, Judge Lupe, and advised him of the petitioner's renewed objections to O'Toole and of the latter's desire to be relieved of further duties under the circumstances. Over defendants' objections, respondent, on motion of petitioner, entered an order vacating the reference to O'Toole and referred the cause to master in chancery Thomas B. Lantry. Petitioner urged that the new order of reference should contain a proviso that Lantry should consider the evidence previously introduced before O'Toole, whereas defendants urged that the cause proceed *de novo* before the new master. Respondent's order, however, did not specifically mention either suggestion.

When the parties appeared before Lantry he ruled that the plaintiff-petitioner did not have to start his proof anew, but that he, Lantry, would accept and consider a transcript of the evidence previously heard by O'Toole. This ruling was certified to the respondent, who, after hearing arguments, directed that the master "should proceed *de novo* and that plaintiff should first offer his proof and evidence as upon an original and first reference." The order containing these directions is the one petitioner now seeks to expunge from the record. Petitioner contends that the order should have directed Lantry to consider the plaintiff's evidence introduced before the former master in conjunction with any offered by defendants, and that he should make his report and conclusions from all of such evidence. His argument is that he will incur additional expense if required to present his evidence again, and that he would

be unable to obtain the same testimony on a new hearing because of the time that has elapsed since he first made his proof. Respondent, on the other hand, takes the position that it will be necessary for Lantry to hear all the evidence before he may properly report it, make his findings and draw his conclusions therefrom.

The issue presented is not a new one, for we have had occasion in several instances to consider the authority of a second master to consider testimony taken before a previous master in the same proceeding. In *Coel v. Glos,* 232 Ill. 142, we held it was error to refer a case to a second master in chancery for the purpose of having him report his conclusions of fact and law from evidence which had been taken before a master since deceased, because the parties were entitled to have a master who would personally hear the testimony of all the witnesses. In *Kenealy v. Glos,* 241 Ill. 15, where the court heard part of the evidence and referred the case to a master to take the remainder of the evidence, it was specifically stated that if the reference to the master had been for the purpose of taking evidence and reporting his conclusions, it would have been necessary for the master to rehear the evidence which had been taken by the court. We held there the proper construction of the statute governing reference to be that when a case is referred to a master to take evidence, and in addition to report his conclusions or state an account, he must take all the evidence, be it in the form of documents, depositions, or oral testimony of witnesses.

In the more recent case of *People ex rel. Brignall v. Lewe,* 383 Ill. 549, the master, to whom the matter had been referred, died during the hearing and the cause was re-referred to another master who also heard testimony. The first master had not certified to the evidence presented to him nor had he reported his conclusions therefrom. The second master certified to the court the evidence he had heard but certified only a part of that taken by the deceased

master. By a *mandamus* proceeding, relators sought to compel the presiding judge to render a decision solely upon consideration of the two transcripts of evidence presented to him without the benefit of the conclusions of the masters. This court, in refusing the writ, said that the judge was warranted in concluding that the reference to the second master was erroneous in directing that he consider the evidence taken by the first master, and in not directing him to take all the evidence and to report his conclusions of law and fact. We held that where the parties would not agree to allow the judge to consider the cause on the written evidence alone, he was powerless to do so. We repeated the principle that the parties were entitled to a complete hearing by a chancellor or master who could hear and then pass upon the weight and credibility of conflicting testimony.

In the instant case, respondent's order of reference to the second master, Lantry, calls for a report and the conclusions of the master. He has not seen nor heard the witnesses produced by plaintiff at the former hearing. Since a consideration of the proper weight or sufficiency of plaintiff's evidence is a necessary subject to be considered by him in interpreting the evidence offered by defendants, it will be seen that the defendants would be deprived of their fundamental right to a decision by a master who saw the witnesses on the stand and heard all their testimony. One of the duties of a master is to decide upon the credibility of witnesses, a duty which he cannot fully perform if he does not see the witnesses. The full hearing required by due process of law contemplates that all of the evidence should be submitted before a single judge, master or other tribunal which could see the witnesses, weigh their testimony and determine their credibility. In the absence of findings and report from the master, in order to afford the parties a hearing within the recognized legal meaning of that word, it is the duty of the court to direct a trial

*de novo* before another master or before itself. *Smith* v. *Dental Products Co.* 168 Fed. 2d, 516.

If O'Toole, the master who heard the evidence adduced by the plaintiff, had been designated the hearing officer on this reference, he would, after having heard defendant's evidence, have been qualified to make his findings of fact and conclusions from all the evidence. Reference to him would also have obviated the necessity for plaintiff to proceed *de novo* in the presentation of its evidence. The cause is not to be heard by O'Toole because of petitioner's objections and accusations against him and efforts to secure another master. Thus, petitioner's predicament of having to proceed *de novo* before Lantry is largely one of his own creation, and not the result of any arbitrary or unreasonable action on the part of the trial court.

Petitioner urges that the Appellate Court's decision in his favor gives his evidence such credibility that he would not have to re-present it before the new master. The finding of the Appellate Court can only be construed as meaning that petitioner had established a *prima facie* case, since the decision was based on his evidence alone, and on the erroneous premise that the defendants were precluded from offering their evidence. When this court granted an appeal and considered the cause, the Appellate Court's decision as to the evidence ceased to be the controlling decision in this case. Because of the procedural error which had occurred, we purposely refrained from reciting the evidence and conclusions to be drawn therefrom; and from passing upon those reached by the Appellate Court. The amendment of the Civil Practice Act which now gives a defendant the right to present his evidence in an equity proceeding, where his motion for a favorable finding at the close of plaintiff's evidence is denied, was enacted to give a defendant the same rights in equity as he has long had in a proceeding at law. No one could contend in a law case that a plaintiff who had obtained a decision in an Appellate

Court, reversing the ruling of a trial court which had taken his case away from the court or jury, would have the right to present his evidence from the first trial in transcript form at a new trial. Nor could the Appellate Court's statement of its conclusions, based on the first evidence alone, be other than advisory as to its sufficiency on a new trial. We see no merit to this contention of petitioner.

For the foregoing reasons, we are of the opinion that the order of respondent which directed the master, Lantry, to proceed *de novo* as upon a first and original reference, was proper under his judicial discretion. Under the circumstances, we cannot say that he could do otherwise. The writ of *mandamus* is denied.    *Writ denied.*