People of State of Illinois ex rel. Daniels et al., Appellants, v. Edmund K. Jarecki et al., Appellees.

Gen. No. 45,070.

Opinion filed November 29, 1950. Rehearing denied February 1, 1951. Released for publication February 23, 1951.

PINES & STEIN, of Chicago, for appellants; ALBIN E. STEIN and IRVING ROTHHOLTZ, both of Chicago, of counsel.

HAROLD GINSBURG and BYRON M. GETZOFF, both of Chicago, for appellee.

MR. JUSTICE LEWE delivered the opinion of the court.

Petitioners instituted a mandamus proceeding seeking to expunge an order vacating a decree of adoption. On respondents' motion the petition was dismissed. Petitioners appeal.

According to the allegations of the petition on October 6, 1947, respondent EDMUND K. JARECKI, judge of the county court of Cook county, entered an adoption decree finding, among other things, that Linda Lee

Colon aged five years resided with her maternal grand-parents Bert Daniels and Susie Daniels, his wife, for a period in excess of six consecutive months immediately preceding the filing of the petition; that Benjamin and Lena Colon, natural parents of the minor child, are not living together as husband and wife and abandoned and surrendered the minor child to the Daniels; that the Colons have not assisted in the support or maintenance of the child since January 15, 1946. The decree further finds that Benjamin Colon and his wife executed consents in writing to the adoption by the maternal grandparents Bert and Susie Daniels and that the affidavit of George C. Thompson, who witnessed the consent and the signatures to the written surrenders by the natural parents, was filed in this cause. February 24, 1949, Benjamin Colon filed a petition to vacate the adoption decree entered by JUDGE JARECKI on October 6, 1947, alleging that Bert and Susie Daniels, petitioners in the instant proceeding, falsely represented to Benjamin Colon that the written consent given in the former adoption proceeding would only be used to prevent his wife, Lena Colon, from obtaining custody of the child during the pendency of the divorce proceeding, that he did not know that the maternal grandparents intended to proceed with the petition to adopt the minor child, and that George C. Thompson, whose signature appears on the consent as witness, was unknown to him.

April 21, 1949, respondent HARLEY C. HELM, county judge of Douglas county, while sitting as a judge of the county court of Cook county, vacated and set aside the decree of adoption theretofore entered on October 6, 1947, on the ground that the consent to adoption and appearance of Benjamin Colon filed in the former adoption proceeding was not executed in conformity with ch. 4, par. 3–6, Ill. Rev. Stat. 1947 [Jones Ill. Stats. Ann. 19.012 (12)].

██ May 2, 1949, petitioners in the instant proceeding filed a motion in writing praying that the order entered on April 21, 1949, be vacated and expunged. This motion was denied by JUDGE HELM on June 6, 1949. In the instant proceeding, so far as the petition shows, no question was raised in the proceedings before JUDGE HELM as to the jurisdiction of the parties or the subject matter. The order entered by JUDGE HELM on April 21, 1949, recites: "The court having heard the testimony of the petitioner and the respondents and witnesses relative to all of the allegations of the foregoing petition, and having heard the arguments of counsel . . . finds that the court had jurisdiction of the parties to this cause and the subject matter thereof." The foregoing order vacating the former adoption decree imports verity and it will be presumed that the evidence was sufficient to support the finding. Petitioners contend that the county court had no jurisdiction to enter the order of April 21, 1949, vacating the former adoption decree. Jurisdiction of the subject matter does not mean simply jurisdiction of the particular case before the court, but jurisdiction of the class of cases to which the particular case belongs. (*People v. Shurtleff*, 353 Ill. 248.) There is no doubt that the proceeding before JUDGE HELM fell within the class of cases over which the county court has jurisdiction. As to the question of the jurisdiction of the parties this point was not raised at the hearing when the order of April 21, 1949, was entered, nor does it appear that this question was raised by the petitioners here in the written motion filed May 2, 1949, to vacate and expunge the order of April 21. Although no record of the proceeding before JUDGE HELM has been incorporated in the petition before us, in the oral argument before this court counsel for respondents asserted without contradiction that the record of the proceeding before JUDGE HELM shows that all of the necessary

parties appeared and participated in that proceeding. In any event, the petition before us fails to allege that the necessary parties did not appear or participate in the proceedings.

██ The writ of mandamus may not be used as a substitute for appeal or to correct judicial error. In the proceeding before JUDGE HELM the petition alleged fraud and raised issues of law and fact which were determined adversely to the petitioners in the present proceeding. Our Supreme Court has repeatedly held that the writ will be awarded only where the right of the applicant is clear and undeniable and the party sought to be coerced is bound to act. (*People v. Lewe,* 383 Ill. 549; *Friedman v. City of Chicago,* 374 Ill. 545.)

██ In our view petitioners here have failed to show a clear right to a writ of mandamus.

For the reasons stated, the order dismissing the petition is affirmed.

*Order affirmed.*

BURKE, P. J., and KILEY, J., concur.