MULLANEY, WELLS & COMPANY, Plaintiff-Appellee, *v.* BARNARD A. SAVAGE, JR. *et al.*, Defendants-Appellants.

(No. 56470; ▮▮▮▮▮▮▮▮▮▮)

First District—March 17, 1972.

*Rehearing denied May 2, 1972.*

Francis B. Stine, James J. O'Meara, and Robert V. Hogan, all of Chicago, (Brown, Stine, Cook & Hanson; Shaheen, Lundberg & Callahan; and Quinn, Jacobs, Barry & Foster, of counsel,) for appellants.

Winston, Strawn, Smith & Patterson, of Chicago, (James L. Perkins and Thomas W. Bianchi, of counsel,) for appellee.

Mr. JUSTICE DRUCKER delivered the opinion of the court:

This is an appeal by permission under Rule 308 of the Supreme Court, (Ill. Rev. Stat. 1969, ch. 110A, par. 308), from an interlocutory order, (a) ordering former master in chancery and now associate judge Seymour S. Price to certify the record including his preliminary report, (b) ordering defendants to file their objections to said report within five days, and (c) determining that the trial court would hear the objections to said report and "upon disposition thereof, if there are exceptions, the Court will rule upon the same and decide this cause."

This action was commenced in 1963. In its second amended complaint, as amended, plaintiff charged defendant Savage with breach of contract and breach of fiduciary duty in taking for his own use, in combination with defendants Williams and Glen Ellyn Corporation, a corporate business opportunity which plaintiff contends belonged to it. On February 26, 1965, the case was referred to Seymour Price, then a master in chancery, to take testimony and report his conclusions of fact and law to the court. On December 3, 1965, an order was entered finding that testimony had been received by the master, that his term in office would expire on December 6, 1965, and that justice required his continuing to act as master thereafter to conclude the matter referred to him. 2500 pages of testimony were taken and 400 exhibits introduced. On February 1, 1971, the master made his preliminary report containing his proposed

findings of fact and conclusions of law and recommended that the defendants be held jointly and severally liable to the plaintiff "in the amount of $800,000 and for other sums."

Defendants were given ten days to file objections. However, they applied for and received from Master Price extensions of time to file the objections. In granting a final extension to May 12, 1971, the master informed defendants that any request for further extensions must be submitted to the trial court. Defendants did apply for another extension which the court granted to July 16, 1971. On June 21, 1971, Master Price took office as a magistrate of the circuit court of Cook County. Pursuant to Section 4(a) of the Transition Schedule of the 1970 Illinois Constitution, he, along with the other magistrates in office on July 1, 1971, became an associate judge. The record and the master's preliminary report were never certified to the court by Price. On July 15, 1971, defendant Savage filed a motion requesting that Price be disqualified from further acting as a master and that a trial *de novo* be ordered. The trial judge ordered that Price certify the record including the preliminary report, and that defendants file objections within five days and that he would hear and rule on them.

Two issues are presented on appeal: (1) whether Associate Judge Price has jurisdiction to finish this case in the capacity of master in chancery and (2) assuming that Judge Price no longer has jurisdiction, whether defendants' right to due procee of law require that a trial *de novo* be held since under the court's order, objections to the master's preliminary report are to be made before a judge who did not hear the witnesses and observe their demeanor.

With reference to the first issue, defendants argue that Price is disqualified from certifying his report as a master and from continuing to act as master in chancery to hear defendants' objections to the preliminary report.

In *People ex rel. Martoccio v. Atten*, 42 Ill.2d 212, 246 N.E.2d 265, an analogous situation arose. Gordon Moffet was assigned to the case as master in chancery in 1963. He heard the plaintiff's evidence. Defendant then moved for a finding in his favor. Moffet filed a report denying the motion. Thereafter Moffet was appointed a magistrate of the circuit court. The respondent judge ordered Moffet to conclude the hearings in the case. Defendant-petitioner sought a *mandamus* to expunge the judge's order contending that Moffet no longer had jurisdiction to hear the case as a special master since he occupied the office of magistrate.

The court noted that under Section 8 of the 1962 revised version of Article VI of the 1870 Illinois Constitution (Ill. Const. art. 6, par. 8), effective January 1, 1964, masters in chancery were abolished:

"There shall be no masters in chancery or other fee officers in the judicial system."

But as the court stated, paragraph 8 of the schedule attached to Article VI, established a transition period for this abolition by providing as follows:

"Notwithstanding the provisions of Section 8 of this Article, masters in chancery and referees in office in any court on the Effective Date of this Article shall be continued as masters in chancery or referees, respectively, until the expiration of their terms, and may thereafter by order of court, wherever justice requires, conclude matters in which testimony has been received."

The court then noted that Section 7 of the Magistrates Act, (Ill. Rev. Stat. 1967, ch. 37, par. 627), stated that:

"Nothing herein contained shall authorize the delegation or assignment to magistrates or others of the function heretofore exercised by masters in chancery or referees, or special commissioners of taking testimony for the purpose of making or reporting findings of fact or of law to a judge for adjudication."

However, it concluded that:

"[Paragraph 8 of the schedule set forth *supra*] recognized the necessity of permitting a master to complete hearings pending on the effective date of the new article. The statutory inhibition against assignment of magistrates to perform functions formerly exercised by masters in chancery was clearly intended to prevent a continuation of the master system in the future, not to interfere with cases in progress."

■■ Therefore, we believe that under the principles set out in *Atten,* Judge Price would have continuing jurisdiction as a master to preside over the remainder of this case, *i.e.,* hearing whatever objections might be filed to his preliminary report, ruling on the objections, and then rendering his report. See *Decatur Coal Co. v. Clokey,* 332 Ill. 253, 260, 163 N.E. 702.

However, defendants argue that the passage of the 1970 Illinois Constitution renders *Atten* inapposite. Defendants' argument is that the 1970 Constitution has no transition clause similar to paragraph 8 of the schedule accompanying the 1962 amendment to Article VI of the 1870 Illinois Constitution which specifically allowed masters "to conclude matters in which testimony has been received."

The 1970 Constitution, effective July 1, 1971, does, however, contain a transition schedule. Section 9 of this schedule is headed "General Transition" and provides in relevant part as follows:

"The rights and duties of all public bodies shall remain as if this Constitution had not been adopted with the exception of such changes

as are contained in this Constitution. All laws, ordinances, regulations and rules of court not contrary to, or inconsistent with, the provisions of this Constitution shall remain in force, until they shall expire by their own limitation or shall be altered or repealed pursuant to this Constitution. * * * All officers filling any office by election or appointment shall continue to exercise the duties thereof, until their offices shall have been abolished or their successors selected and qualified in accordance with this Constitution or laws enacted pursuant thereto."

Although this language is general in nature, we believe it provides authority under which Price may retain jurisdiction, in the capacity of master in chancery, to finish his duties in this case.

■■ As previously noted, paragraph 8 of the schedule of revised Article VI of the 1870 Constitution provided that a master could continue to serve as a court appointee after the expiration of his term where justice required. By order of court, Price continued to serve as a master in this case under this portion of paragraph 8 after his term in office expired on December 6, 1965. Thus, although the position of master in chancery was abolished by revised Article VI, Section 8, the office was not abolished as to particular masters even after the expiration of their terms in office where, as here, justice required that they conclude matters in which testimony had been received.

Price's authority and jurisdiction as master in chancery in this case has not yet been abolished. He may (in the language of Section 9 of the transition schedule of the 1970 Constitution) "continue to exercise the duties thereof." Of course, his position as master in this case will terminate after he has completed his duties.

Defendants make this further argument:

"[I]f Judge Price should continue to function in both capacities [associate judge and master in chancery] he would be in violation of the mandates of the Illinois Constitution of 1970, which require judges to devote full time to their judicial duties and prohibit them, from holding other 'office under the State,' whether for profit or not."

*Atten* is dispositive of this contention as well since at the time of that decision the following statute was in effect:

"Magistrates shall devote full time to their judicial duties, shall not engage in the practice of law or hold any other office or position of profit under the United States or this State or any municipal corporation * * *." Ill. Rev. Stat. 1967, ch. 37, par. 160.5.

The court held that notwithstanding the cited statute, Gordon Moffet could conclude hearings in the subject case as master in chancery.

In view of our position that Price has continuing jurisdiction to finish

his duties as master in chancery in this case, we are not required to decide whether due process would mandate a trial *de novo* if such jurisdiction were lacking. The order issued below called for Price to certify the record and preliminary report and stated that the trial court would hear and determine the objections to the report.

■■ In *Coel v. Glos*, 232 Ill. 142, 83 N.E. 529, a master in chancery heard the evidence but his term expired prior to the submission of his report. The case was then referred to another master for a report. The Supreme Court held this was error since, as the court stated at 146:

> "[I]t is not the function of a master, as a ministerial officer, to hear cases and decide issues upon evidence taken before another master."

The court went on to state at 147:

> "[The former master] could certify to the evidence taken before him, as he did, by virtue of his office, * * *. The court might, in its discretion, have heard the case in open court upon the evidence so taken, and have permitted the parties to use such evidence without putting them to the unnecessary expense of re-examining the witnesses or having the case again referred to some other master, before whom the testimony would have to be taken again."

■ Although the order entered below (set forth in substance in the opening paragraph, and rejecting defendants' contention that due process would require a trial *de novo* if Price no longer had jurisdiction) may have been in compliance with due process requirements since one master heard all of the evidence and prepared a preliminary report containing findings and a recommendation, (see *People ex rel. Reiter v. Lupe*, 405 Ill. 66, 71, 89 N.E.2d 824) we believe that justice will be best served by referring the cause to Judge Price, who heard and saw the witnesses, for a hearing on the objections to his preliminary report and for a final report from him.

We note that *People ex rel. Martoccio v. Atten, supra*, at 214, approved of the circuit court's directive (in that case) that no fees be paid to the master for his continued duties. This "complied with the constitutional prohibition against fee offices." In compliance with this statement Price should not be compensated for the time spent completing his duties as master when this case is remanded.

In conclusion, the order of the circuit court is reversed with directions to enter an order referring the cause to Seymour S. Price to conclude his duties, without fee, as master in chancery in this case.

Reversed and remanded with directions.

LORENZ, P. J., and ENGLISH, J., concur.